Graham v. Kibble.

JOHN W. GRAHAM, PLAINTIFF IN ERROR, V. JOHN KIBBLE
AND D. L. GREINER, DEFENDANTS IN ERROR.

1. **Constitutional Law:** TAKING ILLEGAL FEES. Section 37,
   chap. 22, Gen. Statutes, which gives to the party injured a right
   of action for the recovery of *fifty dollars* damages against an
   officer taking illegal fees, is not unconstitutional.

2. **Practice:** ISSUES OF FACT TRIED TO THE COURT: FINDING,
   HOW CONSIDERED IN SUPREME COURT. Where issues of fact
   are tried to the court without a jury, the finding of the court is
   entitled to the same respect as would be accorded to the verdict
   of a jury under the same circumstances.

3. ———: SPECIAL FINDING. It was alleged as error that the
   court refused "to find whether the facts stated in the second
   count of the answer were true." *Held*, That inasmuch as the
   special finding, in its necessary effect, completely negatived the
   facts alleged in the answer, it was equivalent to an affirmative
   finding that they were untrue and that there was no error.

ERROR to the district court for Merrick county.
Tried below before POST, J. The facts appear in the
opinion.

*Abbot & Caldwell* for plaintiff in error.

Under sec. 37, Gen. Stat., 385, a penalty of fifty dol-
lars is given to the party injured, to be recovered as
debts of the same amount are recoverable by law, with-
out reference to the amount of injury or overcharge,
whether five cents or fifty dollars, hence there can be
not a doubt it is a "penalty," arising under the general
laws of the state. It is not intended as a compensation

NOTE.—The *dictum* of GANTT, J., in *A. & N. R. R. Co. v. Baty*, 6
Neb., 45, wherein the act then under consideration was held uncon-
stitutional on the ground that "the penalty or fine is by statute given
to party claiming damage"—overruled. On the question set out in
the second point of the syllabus, see *Cheney v. Eberhardt*, 8. Neb.,
433. *Burt v. Baldwin*, Id., 487.—REP.

for the injury, since the right of the party injured to recover such excess as may have been demanded or taken is nowhere taken away, and his remedy for such injury is full and complete, and the sum of fifty dollars is given in excess of and in addition to full compensation by way of suit to recover for the excess.

If this is a penalty, can it be given to a private individual by statute without violating the constitutional provision above cited? Clearly not. All fines, penalties, and license moneys arising under the general laws of the state are there declared to belong exclusively to the school fund. *A. & N. R. R. Co. v. Baty*, 6 Neb., 37. If our position is true, then it follows that there are not enough facts in the petition, the court should have admitted no evidence, the judgment is contrary to the law of the land, and should have been given for the defendant, now plaintiff in error. Under the third assignment of error we claim that a payment of money, claimed to be due as fees, accompanied by a promise on the part of the person receiving it, that "if not all right he will make it right," does not make the party guilty of the offense until a demand for the excess has been made and the party refuses to return it. *Chenault v. Walker*, 15 Ala., N. S., 605. *Baker & Walling v. Richardson*, 9 Cowen, 77.

Under the fourth assignment of error we were entitled to a finding as to the truth of the matters alleged in the second count of the answer, provided the facts stated therein are a defense, if true. The second count of the answer states substantially that defendant charged and received the sum of one dollar for going to the residence of bondsmen to verify their signatures and qualify them as to their sufficiency, at request of the plaintiffs, and that the sum so charged was reasonable. Evidence was offered and received without objection to prove the above facts. Those facts were a defense,

if true.    *Runnells v. Fletcher*, 15 Mass., 525.    *Walker v. Ham*, 2 N. H., 238.

*John Patterson*, for defendant in error.

LAKE, J.

This action was brought in the court below by the defendants in error to recover the statutory forfeiture for taking illegal fees, under section 37, chap. 22, Gen. Statutes, p. 385, which is as follows: "If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand and take any of the fees hereinbefore ascertained and limited, when the business for which such fees are chargeable shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts for the same amount are recoverable at law." The court below, on issue joined, having found in favor of the plaintiffs—the defendants in error, the defendant brings the case to this court by petition in error for review.

In their brief counsel for the plaintiff in error say that they rely on five only of the errors assigned in the petition for a reversal of the judgment. Three of these, the *first*, *second*, and *fifth*, being in substance identical, will be treated together. They *go* to the sufficiency of the facts alleged to constitute a cause of action.

In support of these three objections it is urged that this section of the statute is wholly inoperative and void by reason of its being hostile to section 5, art. VIII, of the constitution of this state, which is as follows: "All fines, penalties, and license moneys arising under the general laws of this state shall belong and be paid

over to the counties respectively where the same may be levied or imposed; and all fines, penalties, and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of common schools in the respective subdivisions where the same may accrue."

While the position taken by the counsel in this behalf is plausible, and is enforced by a former decision of this court, we are not now prepared to sustain them in it. On mature reflection, we are. not prepared to say, nor do we think it was intended by this provision of the constitution to deprive the legislature of the power to pass statutes like the one in question, whereby a fixed sum in the nature of liquidated damages is given to one who has suffered injury by the wrongful act or oppression of a public officer.

It may be true that such statutory allowance is much in excess of the actual loss sustained or injury done, and therefore, to the extent that it is so. in its effect upon the offending officer, is in the nature of a penalty. But the power of the legislature to fix the maximum, or even the exact amount recoverable by a private person sustaining injury, or that shall accrue to the public in case of official delinquency, cannot be successfully questioned. Indeed it has been said by an able law writer in support, or rather in commendation, of such legislation, that "A uniform measure of damages under the same substantial state of facts is desirable, even though the rule therefor be arbitrary." Field's Law of Damages, sec. 17.

This section of the constitution, as we understand it, has no reference whatever to those damages, whether

limited in the amount recoverable or not, which a private person may sustain, but solely to such as, under the law of the land, are given to the public and go into the public treasury.    Its object doubtless was to correct what were considered abuses in the disposition of public moneys realized from the several sources therein mentioned, and to insure their proper expenditure in the future.    Its evident scope is to give direction to the distribution of particular funds belonging, under the law, to the public at large or to a particular subdivision thereof, and thereby insure an equitable distribution, viz.: to the particular subdivision of the public upon whom rests the chief responsibility and expense of enforcing the criminal laws and police regulations of the people.    We are aware that this view of this provision conflicts with an expression in the opinion of this court in *Atchison & Neb. R. R. Co. v. Baty*, 6 Neb., 37.    To the extent, however, that it does, the law of that case should be modified.

The third point urged is, that "The finding of the court is contrary to the law and the evidence."    As to the finding being against the law, that is disposed of by what we have already said.    Is it contrary to the evidence?    It is claimed that, inasmuch as there was evidence to the effect that at the time of exacting the illegal fee the officer remarked that "if it is not all right I will make it right," he could not have been guilty of the extortion.    All that can be properly claimed for this testimony is that it was some evidence of good faith on the part of the officer in fixing the amount of compensation demanded.    For this purpose it was doubtless received and duly considered by the court below.    But it was by no means conclusive upon that question.    It must be borne in mind that there was much other testimony bearing on the same point, to which that court was required to give due effect.

It appears that there was a serious controversy at the time as to the charge, and an earnest protest by one of the defendants in error against paying the sum demanded, so that the attention of the officer was specially directed to the matter of his legitimate fees, which were not at all difficult of ascertainment under the statutory itemization. It would seem, therefore, if he had been earnestly disposed to keep within the law, that he could not, as he did, have fixed upon double the amount that he was really entitled to receive.

The issues in this case were tried to the court without a jury, and there is some conflict of evidence. In such case the finding of the court upon the facts is entitled to the same respect as would be accorded to the verdict of a jury under the same circumstances. Although it may even be possible, nay probable, that this court, upon the same evidence, would have found differently, this is not a reason for reversing the judgment of that court. This is not the trial court, and upon this question we cannot weigh the evidence as between the parties, but only declare whether there be evidence by which the finding of the court below can be sustained. We think the finding is amply supported by the evidence.

The only remaining objection is, that " The court erred in refusing to find whether the facts stated in the second count of defendant's answer were true." This " count" of the answer alleged "that at the time he delivered said transcript and bond mentioned in said plaintiffs' petition to said plaintiffs, the said plaintiffs paid to this defendant the sum of one dollar and sixty cents; but said defendant alleges that said sum was not demanded as legal fees for said papers, but included pay for his trouble in going a distance of nearly seven miles to ascertain if the sureties on said bond were responsible for the amount named therein, and if the

signatures thereto were the signatures of the persons purporting to have signed the same. And that said defendant did so go and see said bondsmen at the special instance and request of said plaintiffs."

There is no force whatever in this objection. The special finding of the court covered the whole ground of the case, and in effect completely negatived the facts therein alleged in defense of the charge made. The finding in part is: " that said defendant made out and delivered to said plaintiffs a transcript of a certain case lately tried before said defendant as a justice of the peace, and took, filed, and approved a bond for such appeal. And the court do further find that said transcript contained two hundred and fifty-five words. That defendant demanded and received from said plaintiffs for such service the sum of one dollar and sixty cents; that he was entitled by law to charge therefor and for such service the sum of eighty cents and no more." Thus the services, for which the court finds the one dollar and sixty cents were paid, are particularized; there is nothing left to conjecture; it was for the bond and transcript that the charge was made, and the money paid. The finding negatives the answer just as effectively as if it had been quoted into it, and followed by the formal declaration, "this is untrue."

Finding no error in the matters pointed out, the judgment is affirmed.

JUDGMENT AFFIRMED.