| 28 | 251 |
|----|-----|
| 31 | 301 |
| 28 | 251 |
| 46 | 314 |

PHŒNIX INSURANCE COMPANY v. MICHAEL T. BOHMAN.

[FILED DECEMBER 17, 1889.]

1. **Officers: ILLEGAL FEES: JOINDER OF CAUSES.** In an action to recover the penalty for taking illegal fees for making out and certifying to certain transcripts of judgments the testimony tended to show that eight of the transcripts were demanded at one time, and were received together and paid for in one sum, although separately itemized in the bill. *Held,* That an instruction which in effect directed the jury to find that there were eight separate causes of action was properly refused.

2. ——: ——: PENAL STATUTE. While an officer taking illegal fees is liable to the full penalty of the law, yet the statute, being highly penal in its nature, will not be extended by construction or implication beyond the clear import of its language.

ERROR to the district court for Colfax county.   Tried below before Post, J.

*Phelps & Sabin,* for plaintiff in error, cited : *U. S. v. Wiltberger,* 5 Wheat. [U. S.], 76 ; *Am. Fur. Co. v. U. S.,* 2 Pet. [U. S.], 358 ; *U. S. v. Hartwell,* 6 Wall. [U. S.], 385 ; *M. P. R. Co. v. Humes,,* 115 U. S., 512 ; *Minn., etc., R. Co. v. Beckwith,* 129 U. S., 26 ; *Graham v. Kibble,* 9 Neb., 183 ; *Palmer v. Bank,* 18 Me., 166 ; *Suydam v. Smith,* 52 N. Y., 385 ; *Fisher v. R. Co.,* 46 Id., 645 ; *R. Co. v. Moore,* 33 Ohio St., 384; *Hubbell v. Gale,* 3 Vt., 266.

*G. H. Thomas,* and *E. T. Hodson, contra,* cited : *Haskins v. Alcott,* 13 Ohio St., 210 ; *Almy v. Harris,* 5 Johns. [N. Y.], 175 ; *Mayor v. Ordrenan,* 12 Id., 122 ; *Sturgis v. Spofford,* 45 N. Y., 446 ; *Fisher v. R. Co.,* 46 N. Y., 644 ; *Hedman v. Anderson,* 6 Neb., 401 ; *A. & N. R. Co. v. Jones,* 9 Id., 71 ; *Jennings v. Simpson,* 12 Id., 564 ; *Sycamore Co. v. Grundrad,* 16 Id., 537 ; *Young v. Filley,* 19 Id., 543 ; *Brooks v. Glencross,* 2 Mood & Rob., 62; 1 Green., Ev. (13th Ed.), secs. 51, 74 ; 1 Rapalje & Lawrence, Law Dic., p. 48.

MAXWELL, J.

This action is brought under section 34, chapter 28, of the Comp. Stats. of Neb., to recover the penalties therein prescribed for breach thereof.   The section referred to is as follows :

"If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand and take any of the fees hereinbefore ascertained and limited, where the business for which such fees are chargeable shall not be actually done and performed, such

officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law."

There are ten counts in the petition. The answer contains a plea in abatement, a plea of the statute of limitations as to the second count, and a general denial as to the residue. The testimony tends to show that the plaintiff had recovered a number of judgments before the defendant, who was a justice of the peace; that in two of said judgments separate transcripts were demanded and furnished, one of them more than a year before the bringing of the action, and therefore it is conceded was barred; that eight of the transcripts were demanded at one time and furnished and paid for as one transaction. The testimony also tends to show that the transcripts were prepared and the computation of the number of words made by a clerk of the defendant and that the latter relied thereon. This, in a legal sense, is not an excuse, as mistake or ignorance, under the statute, do not constitute a valid defense. (*Cobbey v. Burks*, 11 Neb., 157.)

The clerk evidently erred in counting the number of words. He probably estimated the same from the number of pages. This he had no authority to do, and an over-computation was at the peril of his employer.

The testimony also tends to show that the fees for the eight transcripts were paid for in one sum, $11.20, and receipted for by the clerk. It is true that the several items of fees are set out in the receipt, but this seems to be principally for the purpose of identifying the transcripts more than as a means of setting out the account.

The plaintiff asked the court to instruct the jury: "You are instructed that the taking and receipting of greater fees than he is entitled to for each transcript, if you should so find, constitutes separate and independent offenses and causes of action, and that for each cause or violation of the law in charging such greater fees, he became indebted to

the plaintiff in the sum of $50 ;" which the court refused to give.    This is now assigned for error.    The instruction would have withdrawn from the jury the question whether or not there was but one overcharge—one transaction, or eight separate causes, as claimed in the petition.    It was, therefore, properly refused.

An officer taking illegal fees is liable to the full penalty of the law. (*Graham v. Kibble,* 9 Neb., 182; *Cobbey v. Burks,* 11 Id., 157 ; *Crow v. Bowen,* 19 Id., 528.)

But the statute is highly penal in its nature, and will not be extended by construction or implication beyond the clear import of the language.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.