ANNA W. SHEIBLEY V. JOHN M. HURLEY ET AL.

FILED JUNE 8, 1905.   No. 13,613.

1. **Public Officers: FEES.** The statute allowing a public officer a fee
of twenty-five cents for "each certificate and seal" does not con-
template that the officer must formulate a statement of facts to
which he certifies. If he, upon request, performs such service, he
will be entitled to reasonable compensation therefor. The fee
allowed by the statute is for the act of certifying to the paper
and affixing his seal thereto.

2. ———: ———. The clerk of the district court cannot be required
to search the records of his office to ascertain what liens, if any,
exist against lands described in an abstract of title, and make
and enter upon the abstract a compilation and statement of the
result of such search. If he performs such service, he is entitled
to reasonable compensation for making such statement and
entering it upon the abstract. He is not entitled to a fee for
making a search of his records 'necessary to the performance
of another service "to which a fee is attached."

3. **Illegal Fees: ACTION FOR PENALTY.** Section 34, chapter 28, Compiled
Statutes, 1903, prescribing a penalty for taking illegal fees by
a public officer is highly penal. In an action to recover such
penalty, if it appears that the fee received was exacted by the
officer for services that he was not required to render as such
officer, and for which he was entitled to reasonable compensation,
together with other services for which it would have been illegal
to exact a fee, it will not be presumed (in the absence of proof
upon that point) that the fee exacted was more than the service
for which he was entitled to compensation was reasonably worth.

ERROR to the district court for Dixon county: GUY T.
GRAVES, JUDGE. *Affirmed.*

*W. E. Gantt,* for plaintiff in error.

*McCarthy & McCarthy* and *John V. Pearson, contra.*

SEDGWICK, J.

The plaintiff below, who is plaintiff in error here,
brought this action to recover from the defendant, as
clerk of the district court for Dixon county, several pen-

alties for taking fees alleged to be illegal. The petition sets up several different counts, alleging as many different causes of action, and in each count it is alleged: "Plaintiff presented to the said John M. Hurley, clerk of the district court in and for said Dixon county, an abstract of title to (naming the land), and demanded from him a certificate, under his hand and seal, certifying that the liens and incumbrances shown in said abstract were all that were of record in the office of the clerk of the district court for Dixon county, Nebraska, or certifying that there were none," with an allegation that the defendant demanded from and collected for making said certificate an amount stated in each count, which amount "was illegally taken and was in excess of the fee provided by law." The amount stated is in each count more than twenty-five cents, which the statute prescribes as the fee for certificate and seal. The answer denies each allegation not expressly admitted, and denies specifically that the charges were made for "certificate and seal," and alleges that in each and every cause of action stated in the petition the plaintiff "brought to the defendant, John M. Hurley, a memorandum, or sketch, of the chain of title to the real estate respectively mentioned and described in the several causes of action stated in plaintiff's petition, showing the transfers of title thereof as shown by the numerical index and records of the office of the county clerk of said county, and requested the defendant to make a search and examination of the books, records and files of his office and of the district court for said county, and to make and indorse on said memorandum an abstract of each and every suit, proceeding, decree, judgment, transcript of judgment, execution, attachment or incumbrance of any kind, or affecting the real estate described in the caption of said memorandum, if any, which were at the time liens upon, or in any way affected the title to said real estate, as shown by the books, files and records of his office, certified by him as clerk of said court." The answer then sets out in detail the search

that the clerk was compelled to make of his records and documents in his office, and then alleges "that for the said examination and abstract he charged a uniform fee of fifteen cents for each name appearing in said chain of title, together with a fee of twenty-five cents, and no more, for this certificate and seal attached thereto," with an allegation that these were acts not required by law of the defendant in performance of his official duty, and a further allegation that the services rendered were well worth the sum charged. The pleadings in the case are very lengthy. They are somewhat complicated. The answer contains some inconsistent allegations; and the reply alleges that the charge in excess of twenty-five cents for the seal was made for a search of the records. This allegation of course is inconsistent with the petition, and is a departure therefrom. There are also some inconsistent statements in the evidence. In some instances it is stated by both parties that the charges in excess of twenty-five cents for the certificate and seal were made as compensation for the search of the records. There is no objection made in this court that the allegations of the reply constitute a departure from the causes of action alleged in the petition, or that the allegations of the answer are inconsistent with themselves. The cause was evidently tried below as though the evidence was properly admissible under the issues, and that no variance existed between the allegations and the proof. The cause has been presented upon the same theory here, and we think it ought therefore to be determined upon that theory. The testimony of the plaintiff and the defendant is substantially the same, and it appears from the whole evidence that when these documents were presented to the defendant for his certificate, it was contemplated that an abstract statement of the result of the clerk's search of his records should be entered thereon by him, and a formal certificate appended, to which the clerk was expected to add his signature and the seal of his office.

The determination of this case then depends upon
6

whether the clerk·can be required to enter such a compila-
tion upon the documents, and formulate a certificate
thereto, and attach his signature and seal, for the com-
pensation of twenty-five cents.   If the theory contended
for by the plaintiff is correct, then any statement, how-
ever lengthy or however much in detail, that might be
prepared from the records of the clerk's office could be
presented to the clerk, and he could be compelled to
certify how much of the statement was true and how much
false, and would be entitled to a fee of twenty-five cents
for his certificate and seal.   The certificate which the de-
fendant made and for which he was entitled to· charge
is treated in the brief, and apparently was so treated by
all parties upon the trial, as meaning the whole paper
and its contents upon which the certificate is placed.   It
would seem rather to apply only to the act of certifying
to the paper.   When an abstracter of titles, who is him-
self a public officer under the law, has prepared a docu-
ment purporting to be an abstract of title, which is com-
plicated and may involve several descriptions of land,
and many conveyances of each piece of land, and recites
upon ·this document that there are no judgments against
any of the grantors of any of the pieces of land that are
or might become a lien thereon, can he present such a
document to the clerk of the district court, and demand
that the clerk certify that all of the statements are true,
and receive as compensation therefor twenty-five cents for
such certificate?   It seems clear that the clerk ought to
be able to protect himself against such an unjust exac-
tion.   The clerk is no doubt required by law to make cer-
tified transcripts from his record when the same are de-
manded and. his fees tendered therefor; but in such case
he is entitled to fees not only for his certificate but for
his transcript as well.   One who requires such a transcript
cannot prepare it from the records himself and compel
the clerk to certify thereto.   He is under no obligations
to certify to the truth of statements made or prepared by
other parties, and if he consents to do so, he may, no

doubt, impose reasonable terms for his services. If he certifies to such statements on condition that he shall be paid for his services the same fee that he would have been entitled to if he had prepared the statement of facts himself, and had certified to its correctness, he violates no law in so doing.

Certainly the defendant could not be required to perform the services required of him in this case for the compensation to which he is entitled for his certificate and seal. As before pointed out, the clerk was expected to make a compilation upon these documents of the result of his searches of his records. Just how extensive these compilations would necessarily be, is not clearly shown in the evidence. This work was no part of the duties of his office, and if he consented to perform it, he might, of course, make such reasonable charges therefor as he saw fit. The evidence, however, clearly shows that the charge which he did make was intended to cover the work of searching the records, as well as the making of these compilations upon the abstracts, and formulating the statements of fact to which he was expected to certify. Of course, he could not charge in this case a fee for making a search of his record. The statute, after prescribing other fees of the district court, provides: "Every search made by the clerk, where no other service is rendered to which any fee is attached, fifteen cents." Sec. 3, ch. 28, Comp. St. 1903 (Ann. St. 9029). In *M'Caraher v. Commonwealth*, 5 Watts and Serg. (Pa.) 21, 39 Am. Dec. 106, the court said:

"No stronger evidence can be given of the duty of an officer, than that the law gives him a fee for the performance of it."

Even if it should be thought that this statute imposes no duty upon the clerk to make search of his records, still it clearly authorizes him as such clerk to make such search, and in a proper case to make a charge therefor. If, therefore, he does at the request of an individual make such search, his fees for so doing are, without any

doubt, regulated by this provision of the statute. It is equally clear that the statute, by saying that he may have a fee for searching the record "where no other service is rendered to which any fee is attached," forbids him to take a fee for such service when that condition does not exist. As already seen, it was for this search for which he was not allowed to charge, and for other services for which he was entitled to compensation, that he received the fee of fifteen cents. There is no evidence in the record to show the value of the service for which he was entitled to charge. If these services were really worth more than the amount charged, the fact that he supposed that he was also entitled to compensation for making the search of his records, and that he accepted this fee as compensation for that service also, ought not in an action so highly penal as this to be treated as a violation of the statute. Demanding and receiving illegal fees by a public officer is deemed a *quasi* criminal act. If the amount involved is so small as fifteen cents, or even less, the officer is subjected to a penalty of $50. Under such a statute, all reasonable presumptions of innocence ought to be indulged, and we will not presume that the services rendered for which he was entitled to charge were of less value than the amount he received therefor.

We think, therefore, that the district court was right in instructing the jury to return a verdict for the defendant. The judgment is therefore

AFFIRMED.