THOMAS J. SHEIBLEY, APPELLEE, v. WILLIAM W. COOPER ET AL., APPELLANTS.*

FILED MAY 24, 1907. NO. 14,810.

1. Officers: ILLEGAL FEES: ACTION ON BOND. An action will not lie on an official bond to recover the statutory penalty for taking, charging or demanding illegal or excessive fees.

2. ——: ——. In order to subject one to such penalty, it must appear that he was an officer at the time of taking, charging or demanding such fees.

3. ——: ——. One whose term of office had expired when such fees were taken, charged or demanded, is not liable for the statutory penalty.

4. Limitation of Actions: STATUTORY PENALTY. An action for the recovery of the statutory penalty is barred if not brought within one year from the date of its accrual.

5. Voluntary Payment: RECOVERY. When such fees are claimed as a matter of right, and are paid to a party after his term of office has expired, voluntarily and with full knowledge of the facts, they cannot be recovered.

* Rehearing denied. See opinion, p. 236, post.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Reversed.*

*John V. Pearson,* for appellants.

*W. E. Gantt, contra.*

ALBERT, C.

William W. Cooper, one of the defendants in the court below, was clerk of the district court for Dixon county for a term of four years ending in January, 1900. His codefendants were sureties on his official bond. During Cooper's incumbency Thomas J. Sheibley, plaintiff, was a party to some litigation in that court, the costs of which were taxed against him by Cooper. Among the items of costs are the following: For complete record, $10; for transcript on appeal to the supreme court, $10; for entering judgment on the journal, after the first 100 words, $1; for entering the return of five subpœnas, $1; for approving bond on appeal to the supreme court, 25 cents. All of these items were paid after Cooper's term of office had expired, and, with the exception of the fee for the complete record, more than one year before the commencement of this suit. On the 17th day of August, 1903, the plaintiff brought an action on Cooper's official bond, alleging in his petition that the charge of 25 cents for approving the bond on appeal to the supreme court was unauthorized and illegal; that the charge of $1 for entering the return of five subpœnas was for services that had not been performed, and that the other items were excessive. The prayer was for judgment for the amount of the alleged illegal and excessive fees paid, and for the statutory penalty. The defendants answered, alleging, among other things, that the alleged illegal and excessive fees were paid after Cooper's term of office had expired, voluntarily and with full knowledge of the facts, and that the action for the statutory penalty was barred by the statute of limitations. A jury was

waived, and the court found that all of the items were barred by the statute of limitations, except the alleged excessive charge for the complete record. With respect to that charge, the court found it was excessive to the extent of $2.37, and gave judgment in favor of the plaintiff and against the defendants for the amount of the excess, and the statutory penalty of $50. Both parties appeal.

We do not deem it necessary to discuss separately the questions raised by the two appeals, because an examination of the assignment that the finding and judgment are  not sustained by sufficient evidence will dispose of both, we think. In the first place, the plaintiff seeks to recover not only the illegal and excessive fees, but the penalty prescribed by section 34, ch. 28, Comp. St. 1905, which is as follows: "If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand, and take any of the fees hereinbefore ascertained and limited, where the business for which such fees are chargeable shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law." The penalty prescribed by that section is not recoverable in an action on the bond. *Eccles v. Walker*, 75 Neb. 722. It is quite clear, however, that, while an action on the bond will not lie, a petition properly framed on that theory would support a judgment against the offending officer for the penalty. As the defendants have all joined in the assignments of error, the judgment might be sustained, notwithstanding the fact that the suit was erroneously brought and prosecuted on the theory that the penalty might be recovered in an action on the bond, provided the record were sufficient in other respects to sustain it. But, without going into an examination of the petition, it is quite clear to us that the evidence is insufficient to sustain a judgment in favor of the plaintiff for the statutory penalty. The statute must be

strictly construed, and must not be extended by construction or implication beyond the clear import of its language. *Phœnix Ins. Co. v. Bohman,* 28 Neb. 251; *Sheibley v. Hurley,* 74 Neb. 31; *Eccles v. Walker, supra; Gallagher v. Neal,* 3 Pen. & W. (Pa.) 183. In the last case, under a statute similar to ours, the court held that taking fees by a person out of office, for services rendered while in office, was not within the act, and did not subject the party to the statutory penalty. The statute contemplates two classes of cases: (1) Where greater fees than those fixed by law are taken; (2) where the fees fixed by law are charged or demanded for services not actually performed. In either case, the act denounced must be done by an officer, and the cause of action arises the instant it is done. None of the items were paid to Cooper until after his term of office had expired and his successor had been elected and qualified. The payments therefore were not made to an officer, but to a private person. The case, then, does not fall within the first class contemplated by the statute. Granting that the case at bar falls within the second class —a point we do not decide—it would still be essential that the charge or demand was made during Cooper's term of office. His term, as we have seen, expired in January, 1900, more than two years before this suit was commenced. The cause of action therefore must have accrued more than one year before this suit was brought. An action to recover a statutory penalty is barred by the statute of limitations, unless brought within one year from the date of its accrual. Code, sec. 13. It necessarily follows that the plaintiff was not entitled to judgment for the statutory penalty.

This brings us to another question: Was the plaintiff entitled to recover any of the alleged illegal or excessive fees paid by him to the defendant Cooper? As we have seen, the payments of which complaint is made were all made after Cooper's term of office had expired, and when he and the plaintiff stood on equal footing. Cooper claimed the fees as his right, but no process had issued for

their collection, nor does it seem that there was any threat of process for that purpose. They were paid by the plaintiff voluntarily and with full knowledge of the facts. It is not a case of official extortion or oppression, but an ordinary transaction between two men dealing on equal terms. It is well settled that money voluntarily paid, under a claim of right, and with knowledge of the facts on the part of the person making the payment or affected by it, cannot be recovered back on the ground that the asserted claim was invalid and unenforceable. *Wessel v. Johnston Land & Mortgage Co.*, 3 N. Dak. 160, 44 Am. St. Rep. 259; *New Orleans & N. E. R. Co. v. Louisiana C. & I. Co.*, 109 La. 13, 94 Am. St. Rep. 395, and extended note. In *Hirshfield v. Fort Worth Nat. Bank*, 83 Tex. 452, 29 Am. St. Rep. 660, it was held that, where there is a want of any power in the officer to enforce payment, if refused, and payment is made voluntarily, with full knowledge of the facts, and at most only under a mistake of law, the fees paid cannot be recovered, there being no extortion. If fees paid to an officer under such circumstances cannot be recovered, *a fortiori* they cannot be recovered when paid, under such circumstances, to one not an officer. It would follow therefore that the court not only erred in giving judgment in favor of the plaintiff for the statutory penalty, but in giving judgment in his favor for any amount.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

. DUFFIE and JACKSON, CC., concur. '

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.

The following opinion on motion for rehearing was filed October 16, 1907. *Rehearing denied:*

DUFFIE, C.

In a motion for rehearing our attention is called to the fact that Mr. Commissioner ALBERT erroneously stated, and his opinion is based on the assumption, that all the fees claimed to have been illegally exacted were paid to the defendant Cooper after the expiration of his term of office. A reexamination of the record makes it apparent that there was an overcharge for the transcript amounting to $2.37, and that this was paid during the defendant's term of office, and does not come within the rule of a voluntary payment. The answer of the defendant alleged that after the fees had been taxed the plaintiff made a motion to retax the costs in the case, and upon a hearing the court fixed the fee for the transcript at the sum of $10, which was the amount actually paid, although, as now shown, it was $2.37 in excess of the legal fee. The evidence fully sustains this defense. While this matter was not noticed in the opinion, we think it decisive of the case. A party who thinks that the fees taxed against him are exorbitant has a right, and it is a proper proceeding, to move for a retaxation of the costs. If his motion is sustained, and the court enters upon an examination of the question and makes an order retaxing the costs, we think that, as between the moving party and the officer in whose favor costs were taxed, the question becomes *res judicata*. Such was the holding of Judge Brewer in the case of *Commissioners v. McIntosh*, 30 Kan. 234, where the identical question was examined and determined. The plaintiff in this action having called upon the court to adjudicate upon the question of the amount of costs which should be paid, and having taken no exception to or appeal from the ruling of the court upon the order of retaxation made, is, we think, conclusively bound by that order.

By the Court: The motion for a rehearing is

OVERRULED.