# Northern Alabama Railway Company v. Lowery.

## Assumpsit.

(Decided Nov. 30, 1911.   57 South. 260.)

1. *Courts; Terms; Statutes.*—The Act of 1907 (S. S. p. 32) was not affected by the adoption of the Code of 1907, and hence, the circuit court of Franklin county was properly held under the terms of said act.

2. *Execution; Duty to Issue; Clerk of Court.*—Upon receipt of a certificate of affirmance of a judgment, it is the duty of the clerk of the court from which the case was appealed speedily to issue. an execution on the judgment, and it is the duty of the sheriff under section 4098, Code 1907, to execute it with diligence.

3. *Same; Property Subject to Levy; Railroad Roadbed and Right of Way.*—As the property of a public service corporation which is essential to it in the performance of its duties required by law to the public cannot be sold under an execution against it, a section of a railroad roadbed's track and right of way, was not subject to levy and sale on execution against it, the creditor's remedy being by appointment of a receiver to take charge, and not by execution.

4. *Sheriffs and Constables; Levy of Execution; Motive.*—The law will consider and condemn the motives and acts of an officer with reference to the levy of an execution only when they are carried into an act which is in itself unlawful.

5. *Same; Levy; Right to Please.*—Construing together sections 3275, 3697, 3698, and 3722, Code 1907, it is held that a sheriff is not entitled to fees for collecting an execution unless the sheriff or deputy actually collects the money on the execution, or unless he makes an actual valid levy on property of the defendant in execution subject to levy and sale.

6. *Same; Right to Fees.*—A sheriff or constable claiming fees or cost is bound to point to a definite law authorizing it, and such laws will not be extended beyond their letter.

7. *Same; Execution; Collection.*—A sheriff is not entitled to commission on money paid to a judgment creditor before execution was issued, or to fees after execution was issued, if payment is made before the execution is served or levied.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by W. P. Lowery against the Northern Alabama Railroad Company, for commission on judgment.

Judgment for plaintiff and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. Counsel insist that the act under which the court was held was repealed by the adoption of the Code of 1907, and that the court was held at a time not authorized by law, and that hence, the judgment is void.—*State v. Towery,* 143 Ala. 48; *Hodo v. The State,* 156 Ala. 43; *Johnson v. The State,* 141 Ala. 7. They also contend that the act is unconstitutional because passed at a special session and not included in the proclamation calling the legislature together, and that it failed of receiving the two-thirds vote necessary. The court erred in sustaining demurrer to plea 2.—*Gardner v. Mobile N. R. Co.,* 142 Ala. 645. The remedy of a judgment creditor is not by levy of execution on the property of a public service corporation necessary for the performance of its duties, but by the appointment of a receiver, and the sequestration of its income or earnings.—1 Freeman on Execution, sec. 179; 2 Morawetz on Corp. sec. 1225; 29 Am. St. Rep. 514; 24 How. 257; 114 U. S. 340. Counsel insist that the execution was invalid, and cite—*Maxwell v. Pounds,* 116 Ala. 551. Counsel also cite the sections in the Code relative to executions and their collection, and insist that the sheriff was not entitled to any commission.

WLLIAMS & JONES, and B. H. SARGENT, for appellee. Counsel discuss the assignments of error and insist that the case should be affirmed, but cite no authority in support of their contention.

DE GRAFFENRIED, J.—A large judgment was obtained against appellant in the circuit court of Franklin county, and from that judgment an appeal was taken

to the Supreme Court. The judgment was affirmed by the Supreme Court, and a certificate of that fact was mailed by the clerk of the Supreme Court to the clerk of the circuit court of said county. The certificate of affirmance was received by the clerk of the circuit court on March 12, 1910, and on that day the said clerk issued an execution for the amount of the judgment and costs, and placed the same in the hands of appellee, who was the sheriff of said county. On the 15th day of March, 1910, appellee, as such sheriff, made an alleged levy of the execution on the following as the property of appellant: Six miles of railroad track, roadbed, and right of way thereto belonging along the said six miles of railroad track, commencing at the twenty-first mile post south of Isbell, Ala. On the 16th day of March, 1910, appellant met the said clerk in the city of Birmingham, and the amount of the judgment and all costs were paid to the clerk on that day, except that nothing was paid as commission for the sheriff, accruing subsequent to the issuance of said execution on March 12, 1910. On the same day (March 16, 1910), the sheriff notified one Gavin, depot agent of appellant at Russellville, Franklin county, of the levy made by him as above stated. This suit was brought by appellee, as sheriff, against appellant for the commissions which he alleges appellant owes him in and about the collection of the amount due on said judgment.

1. In the case of *Farmers' Union Warehouse Co. v. McIntosh,* 1 Ala. App. 407, 56 South. 102, this court held that the act "to amend section 909 of the Code of 1896, so far as the same relates to the times of holding the circuit courts of Franklin county, Alabama," approved November 23, 1907 (Loc. Laws Sp. Sess. 1907, p. 32), was not affected by the adoption of the present Code. It was also determined in that case that all of our con-

33 CA.

stitutional requirements were complied with in the passage of the act, and that the act was valid.

2. In the absence of instructions to the contrary from the plaintiff in the judgment, it was the duty of the clerk of the circuit court of Franklin county to speedily issue execution thereon, upon the receipt of the certificate of affirmance from the clerk of the Supreme Court. The larger the judgment, the more important the duty of issuing execution thereon; and we know of no law which authorizes an investigation into the purposes of a public officer, when he acts in accordance with the law and in the performance of a duty required by the law. The law condemns motives and intents only when they are carried into an act which is itself illegal. —*Carter Bros. & Co. v. Coleman,* 84 Ala. 256, 4 South. 151. When the sheriff received the execution, it was his duty, in the absence of instructions from the owner of the judgment not to do so, to levy the execution upon sufficient property of the defendant in the execution, subject to levy and sale, to satisfy it, if he could find it. "He must execute the writ with diligence." Code, § 4098.

3. The following sections of the Code treat of the same subject-matter for which the common law made no provision, and, as they are in pari materia, they must be construed together:

"3275. When any clerk receives payment of a judgment, he must collect the costs and commissions of the sheriff, if execution has issued on such judgment."

"3693. The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law."

"3697. Sheriffs and coroners are not entitled to full commissions until after actual levy of execution on property of the defendant, and the money made or paid

to the plaintiff in execution, and then only on the amount actually collected or paid.

"3698. When the sheriff or coroner has levied execution, and before sale it is stayed by order of the plaintiff, the officer so levying must receive only half commissions."

"3722. Sheriffs are entitled to receive the following fees for the following services: Collecting money under execution: For the first hundred dollars, five per cent.; for the second hundred dollars, four per cent.; and for collecting all sums over two hundred dollars, three per cent.; but no commissions must be charged on costs."

It is the plain purpose of the above statutes that, unless the sheriff in person, or by a deputy, actually collects money on an execution, or unless he makes an actual valid levy of an execution upon property of the defendant in execution, subject to levy and sale, he is entitled to no commissions. Section 3275, it is true, provides that when a clerk receives payment of a judgment he must collect the costs and commissions of the sheriff, if execution has issued on said judgment; but sections 3697 and 3698 clearly manifest the legislative intent that no commissions become *due* the sheriff until after an actual levy has been made as we have above stated.

A person claiming fees or costs must point to a definite law authorizing it. The law will not be extended beyond its letter. The law may impose duties on officers for which it provides no compensation.—*Torbert v. Hale County,* 131 Ala. 144, 30 South. 453.

"The sheriff is not entitled to any commission upon money paid to a judgment creditor before execution is issued, and even after execution is issued payment to or settlement or compromise with the execution creditor. before execution is *served or levied,* defeats the sheriff's rights to commission."—35 Cyc. 1555. There seems to

be no conflict among the courts of last resort upon the above subject.

4. It is the policy of the state of Alabama to *prohibit* the sale, under execution, of that part of the property of a public service corporation which is engaged in the *service* of the public which is *essential* to it in the performance of those duties which the law *requires* of it on behalf of the public. While, in a large sense, *such* property is the private property of the corporation, it is also true that, in a large sense, the *public* has an *interest* in such property. It is the policy of the state, through the medium of the public service corporation, to supply its citizens with many of the conveniences and necessities of the present age; and it will not permit *that* property of such servant of the public without which it cannot perform its public functions to be taken from it by a sale under an execution. When the assets of a public service corporation become so depleted that its creditors must resort to such property for the satisfaction of their demands, the remedy is not by a sale under execution, but by the appointment of a receiver, to the end that the creditors may receive satisfaction, and at the same time the existence of the corporation as an asset of the public remain. On such property the law says that an execution *shall not be* levied.—*Gardner v. Mobile, etc., R. R. Co.,* 102 Ala. 645, 15 South. 271, 48 Am. St. Rep. 84; *Gue v. Tidewater Co.,* 24 How. 257, 16 L. Ed. 635; Thompson on Corporations, vol. 6, § 7854.

In the present case, the levy was made upon the *roadbed, track* and *right of way* of appellant. It needs, of course, no argument to support the proposition that the appellant, a common carrier of freight and passengers, could not perform any of its duties as such without a roadbed, without a track, or without a right of way. The levy of the sheriff, being confined to these proper-

ties, was prima facie void, and, being *void,* he can claim nothing through that levy, and his right to recover in this suit is based thereon, and there is nothing in the evidence from which we are authorized to infer that there was *any* property of appellant, subject to levy and sale, included in the property alleged to have been levied upon. As the above statutes contemplate an actual levy by the sheriff upon property of some value of the defendant in execution which is subject to levy and sale, and as a condition precedent to his right to claim commission on money not actually collected by or paid to him, and as there is nothing to show that the sheriff made such a levy in this case, the appellant was entitled to the general affirmative charge which it requested the court in writing to give to the jury in its behalf.

Reversed and remanded.