WILLIAM A. EHLERS, APPELLANT. V. JOHN J. GALLAGHER, SHERIFF, ET AL., APPELLEES.

22 N. W. 2d 396

FILED MARCH 29, 1946. No. 32027.

*William A. Ehlers,* pro se, and *E. C. Finlay,* for appellant.

*Cook & Cook* and *William H. Lamme,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEA-

GER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This action was commenced in the district court for Dodge County by William A. Ehlers, as plaintiff, and against John J. Gallagher, the sheriff of Dodge County, and the Sun Indemnity Company, a corporation, as defendants.

The purpose of the suit is set forth in the prayer of the plaintiff's petition as follows: " * * * a judgment of amercement against the defendant John J. Gallagher, as sheriff of Dodge County, Nebraska, * * * in the sum of One Thousand Sixty-one & 81/100 Dollars ($1,061.81), together with accruing costs and interest from the 18th day of April, 1944, together with a panelty of 20% thereof, * * * For the further sum of 50 cents unlawfully charged, overcharged, demanded and collected by the defendant from this plaintiff, together with the statutory penalty of Fifty Dollars ($50.00), and a reasonable attorney's fee of Two Hundred Fifty & No/100 Dollars ($250.00) to be taxed as part of the costs * * * That the defendant Sun Indemnity Company, a corporation be adjudged and decreed liable to this plaintiff for each and every amount so found due * * * from the defendant John J. Gallagher, as sheriff of Dodge County, Nebraska, by virtue of their official bonds of indemnity. * * * That the court further find the defendant John J. Gallagher, as sheriff of Dodge County, Nebraska, guilty of malfeasance in office and that he be ordered removed and enjoined from holding said office, or the emoluments thereof."

The trial court found generally for the defendants and against the plaintiff and dismissed plaintiff's action. After his motion for new trial had been overruled the plaintiff appealed.

During all of the time material to the matters here involved the appellee John J. Gallagher was the sheriff of Dodge County and the appellee Sun Indemnity Company, a corporation, was the surety on his official bond. These appellees will herein be referred to as sheriff and surety.

The record discloses that on June 18, 1937, in the county

court of Dodge County, the appellant obtained a judgment against William Siercks and Julius Siercks, Jr., for the sum of $766.46 with interest and costs and on which there was due at the time this action was commenced the sum of $1,061.81.

On June 9, 1942, the appellant, by letter dated June 8, caused an execution on this judgment to be issued out of the county court of Dodge County and delivered to the sheriff. This letter, which is addressed to the county judge, was shown to the sheriff at the time of the delivery of the execution to him. It is as follows:

"I am enclosing herewith an execution prepared in this matter together with my check for $.75 to cover the costs of your office for issuing same.

"I do not understand that the parties have any property subject to execution and therefore the execution should be returned by the sheriff, 'no goods found', and since there is nothing to be levied upon there would be no fees for returning the execution unsatisfied. Please acknowledge receipt of same with date of issuing the execution which is solely for the purpose of keeping the judgment alive."

The sheriff therefore made no effort to make a levy. However, by a letter dated June 10, 1942, the sheriff advised the appellant as follows: "In view of the fact that we have not received the unpaid fees in the case: William A. Ehlers Vs. Julius C. Roberts. The amount is .50¢. We will hold up the return on your execution: William A. Ehlers Vs. William Siercks, et al., until we receive $1.00 in payment of the two returns."

Appellant replied by letter dated June 13, 1942, that he found no statutory authority for the collection of such a fee and did not remit.

Thereafter, on June 15, 1942, the sheriff again advised the appellant as follows:

"In answer to your letter of the 13th in regard to the .50¢ which we charge for returning an execution unsatisfied. When the State Auditor checks our books we are charged with a .50¢ fee which we must pay into the county.

"We will return your execution when we receive the $1.00. The .50¢ which is due from you from last year has already been turned in by our office to the county."

On June 16, 1942, appellant replied to the same effect as of June 13, 1942, and did not remit. No further communications were had between the parties and the sheriff did not make a return within 30 days as provided in the execution.

On November 27, 1943, the appellant filed his affidavit for garnishment and caused garnishment summons to be issued and served on the School Board of the city of Fremont. Motions to quash were filed by the School Board and also the judgment debtor, Julius Siercks, Jr., on the grounds that the judgment was dormant as no execution had been issued and returned within five years. These motions were sustained on April 6, 1944, and the garnishment proceedings quashed and dismissed.

On December 31, 1943, the appellant, after the motions to quash had been filed, went to the sheriff's office and paid, under protest, the fifty-cent fee demanded by the sheriff who then made his return to the execution as of that date to the effect that, "after diligent search am unable to find any goods or chattels of the defendants subject to levy, and return this writ wholly unsatisfied. Dated this 31st day of December, 1943."

No evidence was offered by appellant to show that the judgment debtors had property subject to execution. Appellant testified that prior to having the execution issued he made investigation for that purpose and from such investigation found they had none.

Under this situation what is the liability of the sheriff and surety under the provisions of section 25-1545, R. S. 1943? This statute provides in part as follows: "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed which has come to his hands; * * * or shall neglect to return any writ of execution to the proper court, on or before the return day thereof; * * * such sheriff or officer shall, on motion in court and two days' notice thereof in writing, be amerced in the amount

of said debt, damages and costs, with ten per cent thereon, to and for the use of said plaintiff or defendant, as the case may be."

The execution issued by the county court on June 9, 1942, directed the officer to make return thereof within 30 days as provided by section 27-1612, R. S. 1943, made applicable by section 24-533, R. S. 1943.

"An officer's return, within the meaning of the statute relating to the service of process, includes not only the certificate of service, but also the delivery of the writ to the office from which it issued." Graves v. Macfarland, 58 Neb. 802, 79 N. W. 707.

Under section 23-1701, R. S. 1943, in the absence of instructions from the owner of the judgment, or his attorney, not to do so, "It is the duty of the sheriff to serve or otherwise execute, according to law, and return, writs or other legal process issued by lawful authority, and to him directed or committed, and to perform such other duties as may be required of him by law." Under section 23-1702, R. S. 1943, for a disobedience of such command, " * * * he is further liable to the action of any person injured thereby."

In Crooker v. Melick, 18 Neb. 227, 24 N. W. 689, under section 513 of the civil code, which is now section 25-1545, R. S. 1943, we held:

"Section 513 of the Civil Code gives a more expeditious remedy against sheriffs and other officers in certain cases, but gives no additional right, * * * .

"In all actions against sheriffs or other officers for failure to return writs of execution, etc., the inquiry is permitted whether the debt could have been collected, and whether its collection has been prejudiced by the acts of the defendant.

"The actual loss sustained by the plaintiff in the value or availability of his security by reason of the act or negligence of the defendant is the measure of his damages."

We discussed the question in the opinion as follows:

"In the case at bar, if it be true, as stated by the sheriff in his answer, that Edward Haley, the execution defendant, had no property within the county at any time during the

life of said writs of execution out of which the same or any part thereof could have been collected, how can it be said that the plaintiff was damaged by the failure of the sheriff to return the writs in time?

"If the writs had no value when they came into the sheriff's hands, they could lose none by reason of their retention by him until after the return day. And they could gain none, except on the principle of forfeiture. Our laws do not favor forfeitures, and under the provisions of the constitution it is doubtful if the plaintiff can recover a technical forfeiture from the sheriff in such a case.

"It is the boast of our improved system of pleading and practice that the actual facts of every case may be pleaded and proved without regard to fictions or technicalities. This would be of little avail if in cases like the one at bar the law had closed the door of investigation and ascribed to excusable neglect or unavoidable accident the same consequences of punishment and loss as those which follow criminal malpractice. But such is not the law. It is the actual damage which the plaintiff has sustained in the value or availability of his security that he is entitled to recover in such cases in either form of proceeding, and all legal facts touching such value and availability may always be plead and proved.

" 'Notwithstanding the proof of the debt and the sheriff's neglect, the inquiry is permitted whether the debt could have been collected. The original debt is, of course, the gist of the action, and it is perfectly well settled that the existence of such debt must be proved by the plaintiff. But if that fact is established, the equally important inquiry remains, whether the recovery of the debt has been prejudiced by the acts of the defendant. In other words, whether under any circumstances it could have been collected of the defendant's property.' 2 Sedgwick on the Measure of Damages, 7 Ed., p. 447."

This has been the construction by this court of the nature of an officer's liability under this statute for over 60 years and we see no reason for changing it now. What has been

said of this section is likewise applicable to section 27-1614, R. S. 1943, and section 25-2216, R. S. 1943.

Section 27-1614, R. S. 1943, is as follows: "The officer is liable to the party in whose favor an execution issued to him for the amount thereof (1) when he suffers thirty days to elapse without making a true return thereof to the justice and paying to him, or to the party entitled, the money collected thereon by him; or (2) when he willfully and carelessly omits to levy on property within thirty days."

Section 25-2216, R. S. 1943, is as follows: "The sheriff shall execute every summons, order, or other process, and return the same as required by law; and if he fail to do so, unless he make it appear to the satisfaction of the court that he was prevented by inevitable accident from so doing, he shall be amerced by the court in a sum not exceeding one thousand dollars, and shall be liable to the action of any person aggrieved by such failure."

The evidence fails to show that the judgment debtor had any property that could have been levied upon. In fact, the judgment creditor directed the officer not to make a levy, which he had a right to do, because it was his understanding, from inquiries he had made, that the judgment debtors did not have property subject to execution.

The burden to establish that he had been damaged being on the appellant and he having failed therein the judgment of the trial court was correct. As stated in Smith v. Heineman, 118 Ala. 195, 24 So. 364: "But the burden was upon the plaintiffs to show the extent of their damage by proof of the value of the property. * * * If there was property subject to levy which the officer neglected to seize, the burden was upon the plaintiffs to show it." See, also, Steele v. Crabtree, 40 Neb. 420, 58 N. W. 1022, and Conway & Knickerbacker v. Magill, 53 Neb. 370, 73 N. W. 702.

In view of the above holding the provisions of section 25-1551, R. S. 1943, and section 27-1710, R. S. 1943, do not become material.

Was the officer entitled to make a charge of fifty cents for making the return to the execution?

"It is well settled in this state that an officer can charge only such fees for the performance of services as are allowed by law, and that services performed by an officer for which the statute does not expressly authorize a charge must be performed gratuitously. Stoner v. Keith County, 48 Nebr., 279; State v. Meserve, 58 Nebr., 451." Red Willow County v. Smith, 67 Neb. 213, 93 N. W. 151.

"A public officer must perform every service required of him by law, and he must look to the statute for his compensation. If it provides none, then the services are gratuitous. (State v. Silver, 9 Neb. 85; Bayha v. Webster County, 18 Neb. 131; Adams County v. Hunter, 78 Ia. 328; Decatur v. Vermillion, 77 Ill. 315; Troup v. Morgan County, 109 Ala. 162; Sampson v. Rochester, 60 N. H. 477.)" State ex rel. Axen v. Meserve, 58 Neb. 451, 78 N. W. 721.

"The common law gave no fees to sheriffs." Peck v. City Nat. Bank of Grand Rapids, 51 Mich. 353, 16 N. W. 681. "A person claiming fees or costs must point to a definite law authorizing it. The law will not be extended beyond its letter. The law may impose duties on officers for which it provides no compensation." Northern Alabama Ry. Co. v. Lowery, 3 Ala. App. 511, 57 So. 260.

It was the duty of the officer, when the execution was delivered to him, to proceed to carry out its command by levying upon any goods or chattels of the judgment debtors subject to execution which he could find within his jurisdiction in sufficient amount to satisfy the amount owing together with costs, and make return thereof within the time provided.

For this service the statute provides the following fee, section 33-117, R. S. 1943: "The several sheriffs shall charge and collect fees as follows: * * * levying writ of execution and return thereof, one dollar; * * * ."

It was, of course, within the power of the appellant to control the enforcement of his judgment and, after execution had been issued, to withhold the levy thereof.

As stated in Northern Alabama Ry. Co. v. Lowery, *supra*: "When the sheriff received the execution, it was his duty,

in the absence of instructions from the owner of the judgment not to do so, to levy the execution upon sufficient property of the defendant in the execution, subject to levy and sale, to satisfy it, if he could find it." Also, in Peck v. City Nat. Bank of Grand Rapids, *supra*: "Judgments are under the control of the parties recovering them, or of their attorneys, and they may restrain the sheriff from proceeding to collect them."

"It is competent for a party, at whose suit civil process issues, to suspend its energy, by directing the sheriff not to execute it; and where the sheriff is instructed not to levy a fi. fa. until further orders, or to hold it merely to bind the debtor's property, in neither case, can the officer claim fees for the disobedience of instructions." The Oswitchee Co. v. Hope & Co., 5 Ala. 629.

The appellant, when he caused the execution to be issued, directed that no levy be made. The sheriff, pursuant thereto, made no search or attempt to levy upon any goods or chattels of the judgment debtors.

A case in point in our jurisdiction is Red Willow County v. Smith, *supra*. The treasurer of Red Willow County issued distress warrants for delinquent taxes. The officer, to whom they were delivered, made diligent search for property upon which to levy but was unable to find any and returned the same for want of property upon which to levy and endorsed a charge on each warrant in the sum of fifty cents for making the search and return.

Section 4372, Comp. St. 1897, provided that distress warrants for the collection of personal taxes should be enforced against personal property of the taxpayer in the same manner as provided by law for levy and sale on execution and that the officers "shall be entitled to the same fees for their services as are allowed by law for selling property under execution."

Section 3091, Comp. St. 1897, provided as follows: " * * * Levying writ of execution, and return thereof, one dollar."

In the above case, with these statutes in force, we held: "Under the revenue laws of this state, a sheriff in whose

hands the county treasurer has placed a distress warrant. can not charge the county a fee of fifty cents for a return upon such warrant, 'No property found.' "

An identical situation presented itself in the case of United States v. Little, 26 F. Cas. No. 15,609, p. 978, 1 Cranch, C. C. 411, 1 D. C. 411: "The question was whether the constables are entitled to fifty cents for every execution returned, but not served. The Act of Congress says for every execution served and returned." And there the court held "that the constables were not entitled to any fee upon an execution unless it be served and returned."

"A sheriff is entitled to compensation for levying and returning an execution; but the rule is not applicable unless. the sheriff has made an actual levy on property belonging to defendant, * * * he cannot claim compensation for levying an execution which plaintiff has instructed him not to levy or merely to hold to bind the debtor's property; * * * ." 57 C. J., Sheriffs and Constables, § 1167, p. 1117.

"The sheriff's right to fees accrues on the rendition of his. service. Hence, upon a levy under an execution, he is entitled to his statutory fee though the parties compromise. before a sale. But where he performs no act to earn any fee, he is not entitled thereto." 47 Am. Jur., Sheriffs,. Police, and Constables, § 96, p. 887.

From an examination of our statutes we are unable to find any authority under which the fee collected by the. sheriff could be lawfully collected.

Is the sheriff therefore liable for the return of the fee paid by appellant and subject to penalty under the provisions of section 33-147, R. S. 1943? This statute provides. as follows: "If any officer shall take greater fees than those prescribed in sections 33-101 to 33-146, for any service to be done by him in his office, or shall charge or demand, and take any of the fees prescribed in said sections without performing the service for which such fees are authorized, he shall forfeit and pay the sum of fifty dollars to the party injured, to be recovered as debts of the same amount are recoverable by law."

We have said in Phoenix Ins. Co. v. Bohman, 28 Neb. 251, 44 N. W. 111: "An officer taking illegal fees is liable to the full penalty of the law. (Graham v. Kibble, 9 Neb., 182; Cobbey v. Burks, 11 Id., 157; Crow v. Bowen, 19 Id., 528.)" And in Cobbey v. Burks, 11 Neb. 157, 8 N. W. 386: "Mistake or ignorance without corrupt intent is no defense in an action on the statutory penalty for an officer taking greater fees than are allowed by law."

However, as stated in Phoenix Ins. Co. v. Bohman, *supra*: "But the statute is highly penal in its nature, and will not be extended by construction or implication beyond the clear import of the language." This is approved in Sheibley v. Cooper, 79 Neb. 232, 112 N. W. 363, by the following language: "The statute must be strictly construed, and must not be extended by construction or implication beyond the clear import of its language. Phoenix Ins. Co. v. Bohman, 28 Neb. 251; Sheibley v. Hurley, 74 Neb. 31; Eccles v. Walker, *supra;* Gallagher v. Neal, 3 Pen. & W. (Pa.) 183." "Demanding and receiving illegal fees by a public officer is deemed a quasi criminal act." Sheibley v. Hurley, 74 Neb. 31, 103 N. W. 1082.

The evidence shows that within the 30 days provided for the sheriff to make a return to the execution and while the sheriff was making a demand for the fifty cents, the appellant refused to pay the same for the reason already stated. Any liability that the sheriff might have for failing to make the return has already been disposed of.

Long thereafter, when the appellant knew the execution was dead and the judgment dormant and that a return thereof would serve no useful function other than a basis for this suit, he went to the sheriff's office and paid the fifty cents and asked him to return the execution. It is apparent that the only purpose in paying the fifty cents and getting the sheriff to make the return was to form a basis for this action.

The purpose of the law is to shield the public against official extortion. Under the facts here we do not think there has been any such extortion but rather a voluntary payment

for the purpose of suit.

In Sheibley v. Cooper, *supra*, we stated with approval the following: "In Hirshfield v. Fort Worth Nat. Bank, 83 Tex. 452, 29 Am. St. Rep. 660, it was held that, where there is a want of any power in the officer to enforce payment, if refused, and payment is made voluntarily, with full knowledge of the facts, and at most only under a mistake of law, the fees paid cannot be recovered, there being no extortion." See, also, the cases therein cited of Wessel v. Johnston Land and Mortgage Co., 3 N. D. 160, 54 N. W. 922, 44 Am. St. Rep. 529; New Orleans & N. E. R. Co. v. Louisiana C. & I. Co., 109 La. 13, 33 So. 51, 94 Am. St. Rep. 395, and extended note.

Our attention is called to section 28-724, R. S. 1943: "Any magistrate, clerk, sheriff, coroner, constable, county commissioner, justice of the eace, recorder, county surveyor, county attorney or any ministerial officer, who shall be guilty of any palpable omission of duty or who shall willfully or corruptly be guilty of malfeasance or partiality in the discharge of his official duties, shall be fined in a sum not exceeding two hundred dollars, and the court shall have the power to add to the judgment that any officer so convicted shall be removed from office. It shall be the duty of the court, when the judgment shall extend to removal from office, to cause immediate notice of such removal to be given to the proper department in order that the vacancy thus occasioned may be filled."

The sheriff did, under the provisions of section 33-120, R. S. 1943, demand payment of the fifty cents in advance of making his return and, when payment thereof was refused, did not make the return within the time provided in the execution.

However, the evidence shows that the State Auditor and the county board had regularly charged the sheriff with fifty cents in such cases and that the sheriffs of the state are at variance in their opinions as to the proper charge. While these officers, by their rulings, cannot provide for a fee that is not provided by statute, nevertheless, it shows

that differences of opinion can and do honestly exist. There-
fore the facts here do not bring the act of the officer within
the purport of the statute.

For the reasons stated the judgment of the trial court is
affirmed.

AFFIRMED.

PAINE, J., participating on briefs.