[Farmers Union Warehouse Co. v. McIntosh.]


# Farmers Union Warehouse Co. v. McIntosh.

*Trover.*

(Decided May 16, 1911.  56 South. 102.)

1. *Statutes; Enactment; Number of Votes Required; Majority.*— Under section 52, Constitution 1901, a majority of the house present and taking part in its action is to be regarded as the body referred to as one of the branches of the legislature.

2. *Same; Special Session.*—Construing together sections 76, 52, 125, 284 and 286, Constitution 1901, it is held that where an act was passed at a special session by vote of yeas 65, and nays 0, that it received two-thirds of a quorum of the house and hence, was constitutionally passed, although the act was not upon any subject designated by the governor in his call for an extra session at which the act was passed.

3. *Statutes; Repeal by Adoption of Code.*—The act adopting the Code of 1907, (Acts 1907, p. 499), by section 2 thereof provides that no acts passed on or after July 9, 1907, should be repealed or affected in any manner by the adoption of the Code; hence, Acts, Special Session 1907, section 32, amending section 909, Code 1896, in so far as it related to the time of holding circuit courts in Franklin county, was not repealed by section 3241, Code 1907, although omitted from the provisions of said section.

4. *Mortgages; Property Subject; Crop.*—A mortgage of crops to be grown in the future does not create any specific lien upon or title to the crops when grown, unless at the time of its execution, the mortgagor owned or had some interest in the land upon which the crops were grown. This rule is not changed by the provisions of section 4894, Code 1907, as they do not undertake to make a legal title out of something which before their enactment, did not confer any title or claim either legal or equitable.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Trover by J. H. McIntosh against Farmers' Union Warehouse Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CHENAULT & CHENAULT, for appellant. The act of the legislature provided for this term of the court is unconstitutional because it was not incorporated in the

Governor's call for the special session, and received but fifty-five votes in the house which is composed of 105 members, requiring a vote of seventy for its passage.—Section 36, Constitution 1901. Even if it was constitutionally enacted, it was superseded by the adoption of the Code of 1907 without being included therein. Even if this is not true the case should be reversed because at the time the mortgage was given the mortgagor had no interest in the land on which the crops were to be grown, and hence, the crop had no potential existence and no specific lien or title attached.—*Burns v. Campbell,* 71 Ala. 288; *C. & C. Groc. Co. v. Michel,* 121 Ala. 87; *Carter v. Fields,* 140 Ala. 264; *Windham v. Stevenson,* 156 Ala. 341. Sec. 4849, Code 1907, does not change this rule, as it cannot have the effect of making title out of something which did not exist.

WILLIAMS & JONES, and B. H. SARGENT, for appellee. The act was not unconstitutional. Two-thirds of a quorum of each house was sufficient under section 76, Constitution 1901, for the proper passage of a bill although not incorporated in the Governor's call for a special session.—Cooley's Con. Lim. 7th Ed. p. 210; *Zeiler v. Cen. R. Co.,* (Md.) 34 L. R. A. 469; *State v. McBride,* 4 Mo. 303; *Southworth v. Palmyra & J. D. Co.,* 2 Mich. 287; *Warnock v. LaFayette,* 2 L. Am. 419; *Green v. Willer,* 32 Miss. 700; *Morton v. Comptroller Gen.* 4 So. Ca. 463. The fact that it was not incorporated in the Code did not operate to repeal it.—*Thomas v. The State,* 124 Ala. 48; Act Adopting Code, Sec. 2. The title passed under the provisions of section 4894, Code 1907, and the mortgagee acquired a title after the crops had been grown.

WALKER, P. J.—When this case was called for trial in the court below the defendant (appellant here)

objected to entering upon a trial, on the ground of an absence of authority of law for holding a term of the circuit court of Franklin county at that time, a special term of the court not having been called. The objection was based upon the claim that the act relating to the times of holding the circuit court of that county, approved November 23, 1907 (Loc. Acts, Sp. Sess. 1907, § 32), pursuant to which the court was held, is invalid. In support of this objection, it is urged (1) that the act in question was not passed in the manner required by the Constitution; and (2) that, if it was constitutionally passed, it was superseded by the Code of 1907.

The objection touching the manner of passing the act in question rests upon the claim that, relating, as it did, to a subject not designated by the Governor in his proclamation calling the Legislature to meet in special session, it was not passed by "a vote of two-thirds of each house," within the meaning of the requirement to that effect of section 76 of the Constitution of 1901. The fact is brought to the attention of the court that the journal of the House of Representatives (House Journal, Special Session 1907, p. 254) shows that the vote on the final passage of the bill was, yeas, 65, nays, 0; and the claim is that that vote was insufficient for the constitutional passage of the bill, in that 65 was less than two-thirds of the membership of the House, which was composed of 105 members. To sustain this objection it is necessary to reach the conclusion that the words "each house," as used in section 76 of the Constitution, referred to the entire membership of each house, and that at a special session of the Legislature a bill on a subject other than one designated in the proclamation of the Governor calling such session cannot become a law except by a vote of two-thirds of the members entitled to participate in the proceedings of each house.

The court is not advised of any authoritative ruling in this state upon the question thus presented. Similar questions several times have been passed upon in other jurisdictions.—*Zeiler v. Central Ry. Co.*, 84 Md. 304, 35 Atl. 932, 34 L. R. A. 469; *State v. McBride*, 4 Mo. 303, 29 Am. Dec. 636; *Southworth v. Palmyra & J. R. Co.*, 2 Mich. 287; *Warnock v. Lafayette*, 4 La. Ann. 419; *Green v. Willer*, 32 Miss. 650; *Morton v. Comptroller Gen.*, 4 S. C. 430, 463. The accepted rule on the subject is thus stated: "For the vote required in the passage of any particular law the reader is referred to the Constitution of his state. A simple majority of a quorum is sufficient, unless the Constitution establishes some other rule; and where, by the Constitution, a two-thirds or three-fourths vote is made essential to the passage of any particular class of bills, two-thirds or three-fourths of a quorum will be understood, unless the terms employed clearly indicate that this proportion of all the members, or of all those elected, is intended."—Coley's Constitutional Limitations (7th Ed.) 201. In construing a provision of the Constitution of South Carolina that no law to create a public debt shall take effect until it has been passed "by a vote of two-thirds of the members of each branch of the general assembly," it was said in the opinion in the case of *Morton v. Comptroller General, supra*: "It (a quorum) is indeed, for all legal purposes, as much the body to which it appertains as if all the component parts were present. Where, therefore, either branch of the General Assembly is spoken of, in the absence of a clear intent to the contrary, the quorum of such body must be understood as intended. It would follow that provisions ascertaining the mode in which the body should divide, in order to complete action in any given case, whether by a mere majority, or by a still greater

proportion, must be interpreted primarily as applicable to the body as legally organized at the time such action is taken. If the rule is the mere majority rule, then a majority of the quorum present and acting is intended; if the rule is that of two-thirds, then two- thirds of such quorum must concur for effective action."

The Constitution of this state contains within itself evidence that its makers, in using such expressions as the one now under consideration, tacitly recognized the existence of the rule of construction stated in the authorities above cited. The provision (Const. § 52) that "a majority of each house shall constitute a quorum to do business" is to be given such effect, certainly for the ordinary purposes of legislation, that, on a question whether there has been a compliance by either house with a requirement of the Constitution relating to its legislative action, the majority of such house present at the time is to be regarded as the body referred to as one of the branches of the Legislature; in other words, when the Constitution refers to either house of the Legislature, it means no more than a majority of the members of such house present and taking part in its action.

In view of the provision above quoted, it could not, with any plausibility, be contended that anything more than the vote of a majority of the quorum present would be required for effective action under the provision that "each house shall choose its own officers, and shall judge of the election, returns, and qualifications of its members" (section 51) ; or under the provision that "each house shall have power to determine the rules of its proceedings, and to punish its members and other persons for contempt," etc. (section 53) ; or under the provision that "no bill shall become a law unless on its final passage * * * a majority of each house be recorded

as voting in its favor," etc. (section 63). If a house having a quorum of its members present is to be taken as the body referred to in the Constitution in the instances where effective action may be taken by a vote of a majority, it would seem that, unless a different meaning is otherwise disclosed, similar language could not be treated as indicating the entire membership of the body in the cases where action is unauthorized unless concurred in by a proportion of the body greater than a majority; as under the provision authorizing the Legislature, "by a vote of two-thirds of each house thereof," to arrange and designate boundaries for the several counties of the state, etc. (section 39); or under the provision conferring upon the Legislature authority "only by a concurrence of two-thirds of the members of each house," to create a debt against the state to repel invasion or suppress insurrection (section 213); or under the provision withholding authority to change the location of certain state institutions "except upon a vote of two-thirds of the Legislature" (section 267); or under the provision now under consideration (section 76), requiring "a vote of two-thirds of each house" for the passage of a bill at a special session of the Legislature upon a subject other than one designated in the proclamation of the Governor calling such session. But a still more persuasive reason for declining to concur in the construction of the language last quoted which is contended for in behalf of the appellant in this case is found in the fact that in the instances where the framers of the Constitution had it in mind to require a stated proportion of the entire membership of the Legislature to authorize its action in certain matters the purpose was made plain by explicit language. For instance, in the requirement of a favorable vote by "a majority of the whole number elected" to each house for the passage

of a bill over the veto of the governor (section 125);
in the provision requiring, for the submission of a pro-
posed amendment to the Constitution, a favorable vote
of "three-fifths of the members elected" to each house
(section 284); and in the requirement, for the passage
of an act or resolution for calling a convention for the
purpose of altering or amending the Constitution, of "a
vote of a majority of all the members elected to each
house" (section 286). It is not to be supposed that in
the provision of section 76 of the Constitution for
"a vote of two-thirds of each house" there was involved
a requirement of a vote of that proportion of the entire
membership of each house when it is seen that in the
cases where a similar requirement was intended ex-
plicit language to that effect was used. The language in
question in section 76 cannot be given the same meaning
as would have been expressed if in that section language
had been used similar to that found in sections 125, 284,
and 286 of the Constitution. With this disclosure of
the modes of expression adopted by the framers of the
Constitution in the varying provisions made on the sub-
ject of the requirements for legislative action in dif-
ferent matters, their failure, in section 76 of the Consti-
tution, to express a purpose to require a two-thirds vote
of the entire membership of each house for the passage
of a bill at a special session of the Legislature upon a
subject other than one designated in the proclamation
of the governor calling such session is enough to war-
rant the conclusion that the requirement in question was
complied with by a favorable vote on such a bill of two-
thirds of a quorum of each house.

The act of the Legislature, which is brought into
question in this case, is the act "to amend an act to
amend section 909 of the Code of 1896, approved Feb-
ruary 28, 1903, so far as the same relates to the times of

holding the circuit courts of Franklin county, Alabama," approved November 23, 1907. The appellant contends that that act, having the effect of amending section 909 of the Code of 1896, was superseded by the adoption of the Code of 1907, its provisions not having been embodied in section 3241 of that Code, which prescribes the times for holding the circuit courts in the Eleventh judicial circuit. The answer to this contention is found in the provision of section 2 of the act to adopt the present Code that "no act passed on or after the ninth day of July, 1907, shall be repealed or affected in any manner by the adoption of this Code."—Gen. Acts 1907, p. 499. In that provision there is no exception of acts having the effect of amending the Code of 1896. The act in question having been passed after the 9th day of July, 1907, it was not affected by the adoption of the present Code.

The claim of the plaintiff (the appellee here) to the seed cotton alleged to have been converted rested upon a crop mortgage executed to him by one Alex Bankhead on the 11th day of March, 1909. At that time the mortgagor did not own any land, and did not have any land rented or contracted for upon which to make a crop during that year. The cotton in question was part of the crop made by Bankhead in the year 1909 on land which he rented after the date of the execution of the mortgage. It is a familiar rule in this state that a mortgage of crops to be grown in the future does not create a specific lien upon or title to such crops when grown, unless, at the time of the execution of the mortgage, the mortgagor owned or had some interest in the land upon which the crops were grown.—*Windham & Co. v. Stephenson & Alexander*, 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; *McNeill v. Henderson & Hill, infra,* 55 South. 269. It

[Wadsworth v. Sellers & Orum Co.]

was no part of the purpose of section 4894 of the Code to change this rule. The effect of the enactment of that statute was to transmute into a legal title that which before would have amounted to a mere equitable title or claim. That statute does not undertake to make a legal title out of something which, before its enactment, did not confer any title or specific claim, either legal or equitable. It does not purport to give to an attempted conveyance of a mere possibility or expectancy, not coupled with any interest in or growing out of property, the effect of a conveyance of legal title to the property mentioned when it might thereafter come into existence or be acquired. It dealt with property interests already fully recognized in courts of equity, not with something which neither law nor equity took notice of as property subject to conveyance. The objection made by the defendant to the introduction of the mortgage in evidence should have been sustained.

Reversed and remanded.