# Southern Railway Co. *v.* Jordan.

*Injury to Passenger.*

(Decided April 22, 1915.   68 South. 418.)

1. *Constitutional Law; Vested Rights; Remedy or Forum of Procedure.*—The venue in civil actions belongs to the procedure or remedy, and is not a part of the right itself, within the rule that no person or corporation has a vested right in any particular remedy or form of proceeding.

2. *Courts; Jurisdiction; Torts; Foreign State.*—General Acts 1907, p. 67, (S. S.) is not affected by the adoption of the Code of 1907, in view of the provisions of Acts 1907, p. 499, adopting the Code and of section 2, Acts 1909, p. 174.

3. *Statutes; Foreign; Evidence.*—In an action under Acts 1907, (S. S.) p. 67, for a tort committed in a foreign state, evidence of the statutes of that state creating a cause of action for the tort, is admissible.

4. *Appeal and Error; Objection; Sufficiency.*—Under new Circuit Court Rule 34, a general objection to evidence as irrelevant and immaterial does not present anything for review.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Luther C. Jordan against the Southern Railway Company for damages for injury to him while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

HOOD & MURPHREE, for appellant.

R. F. CONNER, and HUNT & WOLFES, for appellee.

THOMAS, J.—Appellee was a passenger on one of appellant's trains from Bluffton, Ala., to Cave Springs, Ga. At Cave Springs he attempted to alight from the train, that started before he could get off, and as he

was coming down the steps the conductor threw the step box in front of him, causing him to fall from the train and to receive personal injuries. For damages for the injuries sustained appellee brought suit in the circuit court of Cherokee, the county of his residence.

Appellant appeared specially, and filed a plea in abatement, stating that appellant was a foreign corporation, and that the injury was not inflicted in the state of Alabama, but in the state of Georgia, and consequently the circuit court of Cherokee county, Ala., did not have jurisdiction to try the cause. The court below sustained demurrer to the plea, and this ruling is assigned as error.

(1) Before the approval of the act of August 26, 1909 (Gen. Acts Sp. Sess. 1909, p. 174), a foreign corporation could not be sued in this state "upon a contract, or in tort," for an injury done in another state. —*Dozier Lumber Co. v. Smith-Isb. Lumber Co.*, 145 Ala. 317, 39 South. 714. It is a general rule that no person or corporation has a vested right to any particular remedy or form of procedure. The *venue* in civil actions against foreign or domestic corporations belongs to the procedure or remedy, and is no part of the right itself.—*Drennen Motor Car Co. v. Evans, infra,* 68 South. 303; *Home Protect. of N. Ala. v. Richards & Sons,* 74 Ala. 466, 470; Code 1907, §§ 6110, 6112.

(2) The rule declared in the several authorities collected in *Dozier Lumber Co. v. Smith-I. Lumber Co., supra,* that a foreign corporation cannot be sued in this state for damages resulting from an injury done in another state, has been changed by subsequent statutory enactment. The act conferring jurisdiction "of any cause of action arising in another state, which is enforceable in such other state," is as follows: "That whenever, either by common law or the statutes of an-

34—192

other state, a cause of action, either upon contract, or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforceable in the courts of this state, in any county in which jurisdiction of the defendant can legally be obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state. * * * That all laws and parts of laws in conflict or inconsistent with the provisions of this act be, and the same are hereby repealed."—Gen. Acts Sp. Sess. 1907, p. 67.

This act was passed by both houses of the Legislature on November 22, 1907 (Senate Jour. 308), and approved by the Governor November 23, 1907. The act adopting the Code of 1907 (Acts 1907, p. 499), by section 2 thereof, provided that no acts passed on or after July 9, 1907, should be repealed or affected in any manner by the adoption of the Code. Hence the act of the special session of 1907 (November 23, 1907) "authorizing the enforcement in the courts of this state, when jurisdiction of the defendant can be obtained in this state, of any cause of action arising in another state, which is enforceable in such other state," was not affected by the Code of 1907.—Gen Acts 1907, p. 499; Acts Sp. Sess. 1909, p. 174, § 2; *Farmers' Union Warehouse Co. v. McIntosh,* 1 Ala. App. 407, 56 South. 102; *N. A. R. Co. v. Lowery,* 3 Ala. App. 513, 57 South. 260.

In *State v. Lamar,* 178 Ala. 77-81, 59 South. 473, 474, Justice Sayre said that after the Code was printed it was adopted in its printed form by the act of August 26, 1909; that "by section 10 * * * it was not intended, of course, to repeal the many general laws of great importance to the state which had been enacted subsequent to the first adoption of the Code; and this reservation was expressed in section 2 of the act adopt-

ing the Code a second time, the effect of which was to save the act of November 22, 1907, along with all others in like case, notwithstanding its omission from the Code and the re-enactment of the repealing clause of section 10 thereof."—*Fulton v. State,* 171 Ala. 572, 54 South. 688; *Montgomery v. Wyche,* 169 Ala. 187, 53 South. 786.

(3) The three sections of the Georgia Code admitted in evidence were not irrelevant, but were necessary, since the tort was committed in Georgia, and suit could be maintained in Alabama only under the act approved November 23, 1906, touching cases in which "either by common law or the statutes of another state, a cause of action, either upon contract, or in tort, has arisen in such other state."

(4) We do not think there was any question of variance presented by the introduction of the sections of the Georgia Code. If there was, it could not be taken advantage of by a general objection that they (such sections) were irrelevant and immaterial.—New Circuit Court Rule, No. 34 (adopted June 23, 1913) 175 Ala. xxi. The objection now pointed out in argument was not made to the trial court.—*Ala. City G. & A. Ry. Co. v. Ventress,* 171 Ala. 285-289, 54 South. 652; *L. & N. R. R. Co. v. Kay,* 8 Ala. App. 562, 568, 62 South. 1014.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.