(103 So. 569)

### HARVEY v. BODMAN. (I Div. 359.)

(Supreme Court of Alabama. March 19, 1925.)

1. **Appeal and error** ⬅➡1048(5) — **Permitting question and answer not affecting substantial rights of parties held without reversible error.**

In suit on notes, which it was alleged defendant promised to pay after bankruptcy, there was no reversible error in admitting question if plaintiff would not loan money to defendant's firm but would lend it to defendant as a friend and permitting negative answer; answer not affecting substantial rights of parties.

2. **Appeal and error** ⬅➡1050(1)—**Defendant's denial as witness that he said, after discharge in bankruptcy, that plaintiff was one man he was going to pay, held harmless.**

In suit on notes, defendant's denial as witness that he said, after his discharge in bankruptcy, that plaintiff was one man he was going to pay, was harmless and did not affect substantial rights of parties.

3. **Appeal and error** ⬅➡237(2)—**General objection to admission of evidence presents nothing for review where no motion made to exclude answers.**

Where there was no motion to exclude answers to questions admitted over general objections, nothing is presented for review.

4. **Bills and notes** ⬅➡527(2)—**Evidence** ⬅➡222(6)—**Evidence as to whether defendant said plaintiff was one man he was going to pay held relevant as admission or contradiction of testimony as to payment.**

Where defendant had testified as to pledge of stock to plaintiff, who transferred stock to himself, and that defendant treated transfer as payment of note sued on, question whether he had said, after discharge in bankruptcy, that plaintiff was one man he was going to pay, was relevant; affirmative answer being admission against interest or contradiction of his former testimony or inference therefrom.

5. **Appeal and error** ⬅➡1050(1)—**Any error in admitting affirmative answer on cross-examination as to consideration for note held without prejudice, in view of defendant's admission.**

In suit on notes, where defendant admitted that he told plaintiff before suit he would pay one note, any error in admitting affirmative answer to question, on cross-examination, whether such note was for insurance premium plaintiff paid for him, was without prejudice.

6. **Bankruptcy** ⬅➡436(2) — **Evidence that at time of filing bankruptcy petition defendant said plaintiff's debt was one he was going to pay held admissible as corroborative of new promise.**

Evidence that defendant said, at time of filing petition in bankruptcy, that plaintiff's debt was one he was going to pay, was admissible as corroborative of evidence of defendant's promise to pay after discharge in bankruptcy.

7. **Appeal and error** ⬅➡231(3)—**General objection to admission of evidence presents nothing for review.**

General objection to admission of evidence as irrelevant, incompetent, and immaterial presents nothing for review.

8. **Appeal and error** ⬅➡1048(6) — **Sustaining objections to questions on cross-examination already substantially answered is harmless.**

Sustaining objections to questions on cross-examination already substantially answered is harmless.

9. **Witnesses** ⬅➡275(6)—**Sustaining objection to cross-examination of plaintiff on matter beside issues held without error.**

In suit on notes, sustaining objection to question to plaintiff on cross-examination as to assistance rendered defendant's brother in a certain matter was without error.

10. **Appeal and error** ⬅➡205—**Trial court cannot be put in error for sustaining objection to question unless materiality of answer be shown.**

Where materiality of answer to question was not obvious, trial court cannot be put in error for sustaining objection to question unless materiality be shown.

11. **Trial** ⬅➡228(3) — **Charge that if, after bankruptcy, defendant "promised" to pay, he would be liable, held proper; "agreed."**

Where defense to note was payment by transfer of stock to plaintiff, charge that if

stock was not accepted by plaintiff in payment, and if subsequent to bankruptcy defendant "promised" to pay claim he would be liable for payment notwithstanding bankruptcy, even if plaintiff had knowledge of such proceeding, was proper; "promised" applying to no other than plaintiff. and being synonymous with "agreed" (citing Words and Phrases, Promise).

**12. Trial ⏀⟶256(6) — Explanatory charge should be requested where adversary conceives charge to be misleading.**

Where court charged that defendant was liable if, subsequently to bankruptcy proceeding, he promised to pay claim, if defendant conceived charge to be misleading and to apply to statement not made to plaintiff, explanatory charge should have been requested.

**13. Bankruptcy ⏀⟶434 — Bankrupt's promise after adjudication to pay original debt carried into schedules is binding.**

Where bankrupt promises after adjudication to pay original debt carried into schedules, it becomes binding.

**14. Appeal and error ⏀⟶1033(9)—Defendant may not complain because verdict is not large enough.**

Where defense to suit on notes was payment by transfer of stock to plaintiff, who converted it, and value of stock at time of alleged conversion by plaintiff was submitted to jury by charge given for defendant, defendant could not complain of verdict, which was supported by evidence, because for less than amount of notes.

**15. Evidence ⏀⟶486 — Question of value is opinion evidence.**

Question of value is opinion evidence.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action on promissory notes by E. C. Bodman against J. B. Harvey. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Charge 9, given for plaintiff, is as follows:

"The court charges the jury that if the stock was not accepted by plaintiff in payment of his notes, and if subsequent to the bankruptcy proceedings the defendant promised to pay this claim, he would be liable for the payment notwithstanding the bankruptcy proceedings, even if plaintiff had knowledge of said proceedings."

Gordon & Edington, of Mobile, for appellant.

The verdict, being entirely unsupported by the evidence, was arbitrary. American Ins. Co. v. Newberry, 211 Ala. 699, 100 So. 922. Counsel discuss other questions, but without citing additional authorities.

McMillan & Grove, of Mobile, for appellee.

A general objection to evidence does not present anything for review. Southern Ry. v. Jordan, 192 Ala. 528, 68 So. 418; McKin-ley Music Co. v. Lewis, 17 Ala. App. 370, 84 So. 858. Rulings on immaterial testimony will not be reviewed. Green v. Stephens, 198 Ala. 325, 73 So. 532. Where a question is improper, if the answer is favorable to the objector, the ruling overruling the objection to the question is harmless. Rogers v. State, 15 Ala. App. 148, 73 So. 689. Sustaining objection to a question already substantially answered is harmless. Hamilton v. Cranford Mer. Co., 201 Ala. 403, 78 So. 401; Pratt Con. Coal Co. v. Morton, 14 Ala. App. 194, 68 So. 1015. Unless it is explained to the court how the answer to a question will be material, the court will not be put in error for sustaining objection. Owen v. A. G. S., 181 Ala. 552, 61 So. 924. Where a charge is misleading, an explanatory charge should be asked. Plott v. Foster, 7 Ala. App. 402, 62 So. 299; Karpeles v. City Ice Co., 198 Ala. 449, 73 So. 642; McCary v. A. G. S., 182 Ala. 597, 62 So. 18. A bankrupt's promise after adjudication revives the debt. Griel Bros. v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am. Rep. 733; Torry v. Krauss, 149 Ala. 200, 43 So. 184. The question of value of the stock was for the jury. Sheffield v. Harris, 183 Ala. 357, 61 So. 88.

THOMAS, J. The suit is on promissory notes signed by J. B. Harvey to E. C. Bodman, which notes were introduced in evidence.

Plaintiff's evidence tended to show that after bankruptcy defendant promised to pay the notes as soon as he had sold a large quantity of wool which he had. Defendant pleaded bankruptcy, payment, accord and satisfaction.

Defendant as a witness admitted execution of the notes prior to the time he went into bankruptcy. He testified:

"I called Mr. Bodman in the office and gave him $1,600 worth of stock because I owed him the thousand dollars and wanted to pay it, and I gave him the stock, *and told him he had better hold that, because I was afraid I was going to get in trouble,* and he had better take that. I think it was about two months before I went into bankruptcy; anyway, it was shortly. At that time the stock was worth $16 a share, and I turned over to him 100 shares. I went to him afterwards and told him I could sell the stock and get his money and he said he had transferred it to himself. I did not authorize, instruct, or ask him to transfer it to himself. I was discharged from bankruptcy in November, 1921. Between March and November Mr. Bodman was pretty often at my store. He asked me about this stock, and I told him I thought I could sell it, and he said he had transferred it to his own name, so I did not bother with it any more. He had transferred it before I went into bankruptcy. I did not make any promise after I was adjudicated a bankrupt to pay the notes, and I never did authorize him or ask him to change any certificate of the Kansas &

Gulf Oil Company into the Peer Oil Company. He has never offered or tendered back the stock. * * * I never made any promise to pay those notes. I never scheduled him in my debts at all." (Italics supplied.)

The evidence showed that when defendant went into bankruptcy, though he did not schedule the plaintiff as a creditor, he did note on his schedule that he had pledged 100 shares of Kansas & Gulf stock. And defendant testified that he considered the plaintiff as paid when he transferred said stock; that when plaintiff told him he had transferred the stock to himself (plaintiff) the defendant had nothing further to do with it.

[1-4] There was no reversible error in overruling defendant's objection to the question that plaintiff "would not loan the money to Harvey Bros., but would lend it to you [defendant] as a friend," and permitting defendant's negative answer. No injury resulted thereby. So of the denial that he said, after discharge in bankruptcy, that Bodman was "one man" he was "going to pay." The answers were harmless and did not affect the substantial rights of the parties. Rogers v. State, 15 Ala. App. 148, 72 So. 689; Sloss-Sheffield S. & I. Co. v. Taylor, 16 Ala. App. 241, 77 So. 79. Moreover, there was no motion to exclude the answers (White v. State [Ala. App.] 101 So. 312;[1] Sansom v. Covington County Bank, 17 Ala. App. 556, 87 So. 406) to questions admitted over general objections that presented nothing for review (Southern Ry. Co. v. Jordan, 192 Ala. 528, 531, 68 So. 418). Under his plea of payment, defendant had testified of his pledge or delivery of said stock to plaintiff when about to become a bankrupt; that he later learned that plaintiff had transferred that stock to his own name; and that defendant treated that delivery and transfer before the bankruptcy as payment of his debt to plaintiff. This rendered relevant the question, "Didn't you say, after receiving your discharge in bankruptcy, that Bodman was one man you were going to pay?" If the answer had been in the affirmative, it would have been in nature of an admission against interest or contradiction of his former testimony or inference to be drawn therefrom.

[5] One of the notes in evidence was for $104.56, the amount of the insurance. The testimony of defendant was to the effect that the $1,000 loan was cash and evidenced by the other note, and that thereafter he did not take up the notes. The pleas were directed to recovery under both notes. On cross-examination, after defendant had just testified of the nature of the $1,000 note, the further explanation was called for: "And that $104.56 note is for an insurance premium Mr. Bodman paid for you." Defendant had

admitted that he "did tell him [plaintiff], just before this suit was filed," he "would pay the $104.56 note"; that this promise was "in the summer before the suit was filed in 1922. I was discharged from bankruptcy in 1921. I do not know whether it was before or after the discharge. I never did pay the note." If there had been error in the admission of said affirmative answer to the question, it was without prejudice, for he had promised to pay the $104.56 note. Snead v. Patterson, 190 Ala. 43, 66 So. 604.

[6, 7] The testimony of Alexis Harvey, a brother of defendant and partner in the bankrupt business of Harvey Bros., that he heard defendant, "at the time he filed his petition in bankruptcy, say that Bodman's was one debt he was going to pay," tended to shed light upon the bona fides of payment, or the nature of the pledge or holding of the stock in question, under the evidence given by the respective parties in interest to this suit. Appellant's insistence of error in this behalf was that it constituted no new promise to pay. This is true, but it tended to corroborate the plaintiff's evidence that defendant did so promise. Moreover, the recital of record as to this is: "Counsel for defendant objected to the question on the ground that it called for irrelevant, incompetent, and immaterial testimony." The general objection alone did not present anything for review. Southern Ry. Co. v. Jordan, 192 Ala. 528, 68 So. 418; Huntsville Knitting Mills v. Butner, 200 Ala. 288, 291, 76 So. 54; Jefferson v. Republic I. & S. Co., 208 Ala. 143, 146, 93 So. 890.

[8] There was no abuse of the right of cross-examination of plaintiff while testifying in his own behalf. The two questions about reading the newspapers, covering or "during the period of time from the adjudication of Harvey Bros. in bankruptcy until their discharge," and "during that period of time did you say anything to Harvey about the stock," called for immaterial inquiries. The plaintiff had testified that he told "Mr. Harvey the stock was going down, so what do you think we had best do about it," and that defendant had replied:

"I still have confidence in that stock, and you need not worry about the amount I owe you, because as soon as I sell my wool I am going to make a bunch of money, * * * and I will take care of you. * * * But I do not want to sell the stock now."

Sustaining objections to questions already substantially answered is harmless. Jefferson v. Republic I. & S. Co., 208 Ala. 143, 93 So. 890; Hamilton v. Cranford Merc. Co., 201 Ala. 403, 406, 78 So. 401; Porter v. T. C., I. & R. Co., 177 Ala. 406, 59 So. 255.

[9, 10] The attempted cross-examination of plaintiff, who had just testified, "I wrote some insurance for Alexis Harvey years ago," was, "After he was adjudicated a

[1] 20 Ala. App. 213.

bankrupt, you helped him to straighten out these policies, didn't you?" and was beside the present issues between plaintiff and defendant, a brother of said assured Alexis Harvey. If it be taken from the context that the person referred to in the question was not Alexis Harvey, but defendant, J. B. Harvey, it was not made apparent how the answer would be relevant and material to the issue being tried. The materiality of the answer not being obvious, this should have been shown before the court may be put in error. Owen v. A. G. S. R. Co., 181 Ala. 552, 563, 61 So. 924; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262.

[11] Given charge 9 was in the light of the evidence properly given. The word "promised," in law and in the sense used, could apply to no other than the promisee, the plaintiff—that defendant promised the plaintiff to pay the claim, notwithstanding the bankruptcy proceedings. It was synonymous with "agreed." 6 Words and Phrases, 5674; Newcomb v. Clark, 1 Denio (N. Y.) 226; United States v. Baltic Mills Co., 124 F. 38, 59 C. C. A. 558; Shaw v. Burney, 86 N. C. 331, 41 Am. Rep. 461.

[12, 13] If the adversary conceived the charge to be misleading and to apply to a statement made by the bankrupt to another than the plaintiff, an explanatory charge should have been requested. Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642; McCary v. A. G. S. R. R. Co., 182 Ala. 597, 62 So. 18. The charge states a correct proposition of law—that where a bankrupt promises after his adjudication to pay the original debt carried into his schedules, it becomes binding. Torry v. Krauss, 149 Ala. 200, 43 So. 184; Griel Bros. v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am. Rep. 733.

[14] We cannot find that the motion for a new trial should have been granted because the verdict was not for the amount of both notes. There was room for an honest difference of opinion as to the market value of the stock. Defendant's given charge 5 was as follows:

"I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the plaintiff took the certificate of stock of the Kansas & Gulf Oil Company which he had for collateral and had a new certificate issued to himself, and without the direction, consent, or authority of the defendant, then I charge you there was a conversion of the stock, and it became the duty of the plaintiff to credit the indebtedness of the defendant with the amount of the value of the stock at the time of the conversion."

[15] Thus at defendant's instruction the value of the stock, under the theory suggested, became a question for the jury. There was evidence to support the amount of the verdict rendered. Sheffield Co. v. Harris,

183 Ala. 357, 61 So. 88. Defendant cannot complain that it was not in a larger sum aggregating that of the two notes declared upon. The question of value is opinion evidence. Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354; National Surety Co. v. Citizens' L. H. & P. Co., 201 Ala. 456, 459, 78 So. 834. The jury were the sole judges of the value of said stock and the attorneys' fees claimed.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

