291 So.2d 367

John LEE

v.

STATE.

7 Div. 268.

Court of Criminal Appeals of Alabama.

March 5, 1974.

N. P. Callahan, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., and D. Leon Ashford, Asst. Atty. Gen., for the State, appellee.

PER CURIAM.

Appellant-defendant was indicted for carnally knowing or abuse in attempt to carnally know a girl over the age of twelve and under the age of sixteen. The jury convicted and sentenced the appellant to ten years in the penitentiary. This appeal is from a judgment pursuant to the verdict. We omit the name of the offended young lady.

We also omit from this opinion many sordid details that are animalistic and devoid of finesse and romance. The climax of the res gestae in the bedroom manifests extreme crudity. Suffice it to say, the prosecutrix answered a newspaper advertisement for a baby sitter and was employed in that capacity. Appellant and his divorced wife, Alice, both, with their children, were living in a trailer along with appellant's current wife when the alleged carnal knowledge was consummated. The current wife was away at the time of the offense.

On that particular night, Wednesday, October 28, 1970, appellant, age forty-one, and the prosecutrix left the several children in the trailer and went to a restaurant, where Alice Lee, the divorced wife, was employed. From that point, all three went to a night spot "Country Corner" and there, according to the prosecutrix, they all imbibed intoxicating beverages and remained there until a late hour. The prosecutrix was a novice in such imbibition and became so saturated that she had to be physically supported by her host as she went to the automobile in which she was transported. They returned to the trailer from which, with the appellant, she had left her post of duty as sitter for the several children.

Upon reaching the trailer, she went into a bedroom where, at the suggestion of Alice Lee, the divorced wife, she took off all her clothing except her bra and panties. Mrs. Lee practically disrobed, got in bed with the prosecutrix, and read a "dirty" magazine. Appellant came in dressed only in his shorts and got between them. From there on until consummation of the act, the crudity of the occasion is repellent. Mrs. Lee remained in the bed during the entire sexual contact.

Appellant denied that he had sexual intercourse with the prosecutrix. Likewise, Mrs. Alice Lee denied the testimony of the prosecutrix as to said sexual act.

I.

After the state closed its rebuttal and rested its case, appellant's counsel moved the trial court for permission to reopen the case-in-chief, to the end that he might call the owner of the Country Corner, who had not been subpoenaed but who was present in or near the courtroom, to refute the prosecutrix's testimony as to the type of glassware that was used to serve alcoholic beverages; also that there were no cherries served in a whiskey sour; that appellant had never drunk "whiskey sour" in her place of business; that she had seen prosecutrix at her place of business with appellant.

The court in exercise of its discretion vested by Title 7, § 252, Recompiled Code 1958, refused to grant the motion to reopen the case.

It appears from the evidence that the appellant took the witness stand, but at no time did he deny or refer to the type of service in the restaurant, nor did he deny the presence of all three at the night spot. He was not questioned on this issue, but he did have the opportunity to deny the prosecutrix's testimony with respect to their presence at the Country Corner and the type of service there rendered.

Alice Lee testified as a witness for the appellant. She was not asked and did not deny her presence along with the appellant and the prosecutrix at the Country Corner, nor was any reference made as to the type of service at the night spot.

We are unwilling to hold under the circumstances that the trial court abused its

discretion and erred in refusing to reopen the case and allow the Country Corner proprietor to refute the prosecutrix's testimony as to the type of service while all were assembled in the Country Corner. Appellant had ample opportunity to deny service when he was on the witness stand, and likewise did Alice Lee. Burns v. State, 226 Ala. 117, 145 So. 436(13); Wilkinson v. State, 106 Ala. 23, 29, 17 So. 458(4); Barlew v. State, 5 Ala.App. 290, 57 So. 601(10).

## II.

 Appellant next contends that the trial court erred in permitting the prosecutrix to testify, in response to the District Attorney's question to which the appellant objected, as follows:

> "A. He said that him and Alice wasn't married, but they had been married and got divorced and she got pregnant by another man and then after that they had four more kids after that. . . ."

It appears from the record and the court's ruling that appellant's objection came too late. Under such circumstances, we will not put the trial court in error. Sovereign Camp of W. O. W. v. Keefe, 203 Ala. 636, 84 So. 810; Allison v. Owens, 248 Ala. 412, 27 So. 785; Alabama Digest, Volume 2, Appeal and Error, ⊕230.

## III.

Appellant complains that during the state's cross-examination of the appellant, the court overruled an objection to a question regarding the birth of certain children subsequent to appellant's divorce from his wife, Alice, in 1964.

We find in the record that the trial court sustained the appellant's objection to a question propounded to him by the state as to how many children were born to Alice after he and Alice were divorced. Then the state propounded to the appellant the question as to how many of these children he had named were born since 1964.

The court overruled appellant's objection which was general and stated no specific grounds. The ruling is not reviewable. McKanney v. State, 51 Ala.App. 529, 287 So.2d 240(3); Alabama Great Southern R. Co. v. Sanders, 145 Ala. 449, 40 So. 402; Southern R. Co. v. Jordan, 192 Ala. 528, 68 So. 418; Harvey v. Bodman, 212 Ala. 503, 103 So. 569(7); Conway v. Robinson, 216 Ala. 495, 113 So. 531; Alabama Digest, Volume 2, Appeal and Error, ⊕231(3).

An objection to the admission of evidence on the grounds that it was incompetent, immaterial and irrelevant presents no question to review. Industrial Savings Bank v. Mitchell, 25 Ala.App. 13, 140 So. 449(8), cert. den., 224 Ala. 335, 140 So. 452; Harvey v. Bodman, supra.

We find no error in the record to reverse the judgment of guilt. The judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.