CLARK, Supernumerary Circuit Judge.
This is an appeal from an order denying a petition for writ of error coram nobis, which by agreement of the parties was orally amended to include a petition for writ of habeas corpus.
The petition as amended relates to the proceedings in a case in which petitioner was convicted of having carnal knowledge of a girl over the age of twelve years and under the age of sixteen years and was sentenced to imprisonment for ten years. The judgment of conviction and sentence was affirmed on March 5, 1974. Lee v. State, 52 Ala.App. 275, 291 So.2d 367. The coram nobis petition was submitted in pro-pria persona and filed December 23, 1975.
The petition contained a mishmash of allegations of grievances and twenty-six separate grounds for relief, many of which, according to the record before us, are wholly lacking either in factual support or in applicability to the facts. For instance, one ground is that “petitioner was not given ‘Miranda’ warning,” and the record fails to show that there was ever any evidence either presented or admitted tending to show any confession or inculpatory statement by defendant, which would make applicable the familiar rule of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Other instances are that “prosecutrix was particeps crimines,” “the age of prosecutrix was not proved at trial,” “judicial discretion was abused at, before, and after trial,” and that the “transcript of trial, as submitted to the Alabama Criminal court of appeals was not a true transcript of trial.”
Notwithstanding the inadequacy, the obvious inaccuracies, and the vagueness of the petition, the learned trial judge, in recognition of petitioner’s claim of indigency and his imprisonment, acted with meticulous care to afford him his Constitutional rights; and at the possible expense of acting above and beyond the call of duty, he appointed counsel to represent petitioner, affording said counsel ample opportunity to present all matters properly presentable at a scheduled hearing of the petition. After a denial of the petition, it was made known to the court that petitioner desired to appeal. The trial court afforded him a free transcript and appointed other counsel to represent him on appeal. On the trial of the basic case and on the appeal thereof, defendant was represented by employed counsel. Other counsel had been employed for the trial, but said counsel had been discharged.
The case on appeal was submitted on briefs. In addition to the briefs filed by appellant’s counsel and by State’s counsel, we find that appellant has himself filed a brief. It is obvious that he is dissatisfied with the services of two separate attorneys employed at his instance and two separate attorneys appointed by the court, as well as two separate judges, one trying the criminal case against him and the other handling the petition for writ of error. It makes the preceding sentence too lengthy to mention therein the grand jury, the trial jury, the witnesses against defendant, the district attorney, and appellant’s former wife as special objects of his dissatisfaction. Doubtless this Court is the next in line, unless it yields to appellant’s appeal for relief. However “devoutly to be wish’d” an escape from that fate might be, we see no way to avoid it.
In the brief of appellant’s counsel, carefully and orderly prepared, it is contended that petitioner was denied the effective assistance of trial counsel in that:
(1) There was a conflict of interest between the interest of trial counsel in representing defendant’s former wife and his interest in representing defendant,
(2) His trial counsel failed to subpoena witnesses that would have been of benefit to defendant, and
(3) Petitioner’s employed counsel on the trial and on appeal from his conviction failed “to perfect an appeal.”
As to (1), the alleged conflict of interest of defendant’s trial attorney, a complete picture of that which is before us is not shown without a reference to two other cases in this Court, in addition to the one already cited, in which the present appellant was the appellant. Lee v. State, 51 Ala.App. 332, 285 So.2d 495, cert. denied 291 *136 Ala. 787, 285 So.2d 500 and Lee v. State, 57 Ala.App. 366,328 So.2d 617, cert. denied 295 Ala. 409, 328 So.2d 624. The first was an appeal from a conviction of this appellant of murder in the second degree; the second, involving the same conviction, was an appeal from a denial of a petition for writ of error coram nobis, on the principal ground that on the trial for murder there was a conflict of interest of defendant’s counsel, i. e., his interest as counsel for defendant was in conflict with his interest as counsel for defendant’s former wife.
At the time of the trial of the carnal knowledge case, defendant had been convicted in the murder case, his trial attorney-had been released, a new attorney had been employed and an appeal had been taken in that case. The new attorney was the same one that represented appellant on the trial of the carnal knowledge case and on appeal from the conviction therein.
In the coram nobis proceeding in the case under review, the contention is made that the conflict of interest on the part of petitioner’s counsel, by reason of the claimed difference in the interest of petitioner and the interest of petitioner’s former wife, came to a head a few days after the affirmance of the conviction and sentence in the carnal knowledge case, because of a controversy that had arisen between defendant and defendant’s former wife as to the custody of their children, or some of them. There seems to be little, if any, contention that there was any conflict of interest during the trial of the case or before the af-firmance of the conviction and sentence. Even if there were, it seems to us, as held in Lee v. State, supra, 328 So.2d 617, 623-624, that appellant knew what was involved in the matter of representation by an attorney who to some extent was an attorney for defendant’s former wife as well as for defendant, and that he voluntarily, knowingly and intelligently accepted such representation.
As to (2), we are committed, and courts generally are committed, to the proposition that even though it can be definitely shown that an attorney has made a mistake in the trial of a case that results in a judgment unfavorable to his client, this alone is not sufficient to demonstrate that his client has been deprived of his constitutional right to adequate and effective representation by counsel. Gore v. State, 45 Ala.App. 146, 227 So.2d 432 (1969). The trial of a case in a court of law is still an adversary proceeding, a genuine contest, wherein each party is attempting, presumably honorably, to win. The contest is an antithesis to solitaire. One’s move as a litigant, or an attorney for a litigant, is often largely determinable by what he thinks will be his opponent’s move. No one can determine that with absolute accuracy. To hold that a client has been deprived of adequate and effective representation by counsel merely because counsel fail to have a subpoena issued for a witness would collide headon with the unquestionable truth that time and again an attorney has been able to win a case by the fact that he used a witness whom he had not subpoenaed, that is, that if he had subpoenaed the witness, no opportunity would have been presented him to win the case by the use of such witness. In saying this, we are not attempting to discount the modern trend toward the elimination of surprises in trials, or to derogate any rules that require a party to give notice to opposing parties of the identity of any witness one expects to use. However, in the absence of such a rule, or some understanding between the parties, or their counsel, or instructions of the court, requiring him to notify his opponent of his plans, counsel is expected to keep his plans to himself, if this is in accordance with what he deems to be in the best interest of his client.
As to (3), petitioner-appellant’s reference to the alleged failure of his employed counsel “to perfect an appeal” pertains to a failure to petition the Supreme Court of Alabama for a writ of certiorari to the Court of Criminal Appeals, which requires a prior application for rehearing and a denial thereof. The evidence in the cor-am nobis proceeding herein is vague as to any understanding between defendant and *137 his counsel as to the extent of counsel’s services on appeal. Something is said to the effect that counsel agreed to appeal the case to the Supreme Court of Alabama. This could hardly have been accurate in the light of Code of Alabama, 1973 Cum.Supp., Tit. 13, § 111(2), as follows:
“The court of criminal appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, bastardy, habe-as corpus and all felonies, including all post conviction writs in criminal cases.”
The appeal bond in the carnal knowledge case signed by appellant is captioned “APPEAL BOND TO COURT OF APPEALS CRIMINAL CASES” and shows twice in its body that it is to the “Court of Appeals for the State of Alabama.” The evidence on the coram nobis hearing does not convince us that there was an understanding between defendant and his counsel, or any agreement or assurance by his counsel, that he would obtain a review of the case by the Supreme Court of Alabama, in the event of an adverse review by the Court of Criminal Appeals. The record fails to convince us either that appellant’s employed counsel was under a duty to proceed via writ of certiorari to the Supreme Court of Alabama or that there was a duty upon the trial court, or either of the appellate courts, to provide appellant with an attorney for that purpose.[1] Even if there were, it is clear that no injury to appellant resulted therefrom.
The complete record on appeal of the carnal knowledge conviction, including the court reporter’s transcript of the evidence and proceedings, was introduced in the cor-am nobis proceeding, and is now before us. We have again studied it, and find again, as we did in Lee v. State, 52 Ala.App. 275, 291 So.2d 367, that there was no error prejudicial to appellant.
We should note that in our opinion in the case we did not expressly qualify, as some cases have expressly qualified (but others have not), the rule that the overruling of a general objection to the admission of evidence presents no question for review. The rule is a qualified one; the qualification is variously stated. Rule 33 of the Alabama Rules of Practice in Circuit and Inferior Courts provides:
“When, in the progress of the trial of any cause in a court of original jurisdiction, objection^ and exception are reserved to the introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified. In all cases, the presiding judge, before ruling on any objection to testimony, may call on counsel to specify the grounds on which it is rested; and the appellate court, in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified.” Code of Alabama 1940, Recomp.1958, vol. 3, p. 1199.
A collection of cases in which the “not patently illegal, or irrelevant” qualification of Rule 33 has been enlarged, or linguistically expanded, is to be found in Gamble, McElroy’s Alabama Evidence, §§ 426.01(8)-426.01(10) (1977).
*138 The evidence admitted in the case that was under review in Lee v. State, 291 So.2d 367, 369, was “not patently illegal, or irrelevant.”
There is no error in the record and proceedings in the trial court. Its judgment adverse to petitioner was correct. Nothing written in appellant’s pro se brief and argument leads to a different conclusion. The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

. See: Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974):
“A. The North Carolina appellate system, as are the appellate systems of almost half the States, is multitiered, providing for both an intermediate Court of Appeals and a Supreme Court. The Court of Appeals, was created effective January 1, 1967, and, like other intermediate state appellate courts, was intended to absorb a substantial share of the case-load previously burdening the Supreme Court. . . .”
******
“B. The facts show that respondent, in connection with his Mecklenburg County conviction, received the benefit of counsel in examining the record of his trial and in preparing an appellate brief on his behalf for the state Court of Appeals. Thus, prior to his seeking discretionary review in the State Supreme Court, his claims had ‘once been presented by a lawyer and passed upon by an appellate court.’ Douglas v. California, 372 U.S., at 356, 83 S.Ct., at 816. We do not believe that it can be said, therefore, that a defendant in respondent’s circumstances is denied meaningful access to the North Carolina Supreme Court simply because the State does not appoint counsel to aid him in seeking review in that court.” (Footnote omitted.)