372 So.2d 4 (1979)
ABC BONDING COMPANY, a corp., and A-1 Bonding Company of Montgomery, Inc., a corporation
v.
MONTGOMERY COUNTY SURETY COMMISSION and State of Alabama.
78-114.
Supreme Court of Alabama.
June 8, 1979.
Travis Buckley, Laurel, Miss., Elno A. Smith, Jr., and Frank L. Thiemonge, III, Montgomery, for appellants.
No brief for appellee.
PER CURIAM.
Appellants, two domestic corporations doing business in Montgomery County, *5 brought this action against the Surety Commission of Montgomery County, Alabama, and the State of Alabama, seeking a declaratory judgment as to the constitutionality of Act No. 98 of the Second Special Session of the 1978 Alabama Legislature. The purpose of Act No. 98 is to revise the existing bail practices in the courts within the Fifteenth Judicial Circuit, to establish a more lenient form of qualifications for property bail, and to establish a board to regulate the licensing of professional bail agents.
Appellants challenge the constitutionality of the Act, contending it is a local act dealing with a subject provided for by general law and thus is violative of § 105, Constitution of Alabama 1901. The trial Court denied declaratory judgment after finding the Act does not conflict in any substantial manner with, but merely enlarges, the general law regarding qualification for bail and bond requirements for bondsmen [Code 1975, § 15-13-22]. We reverse and remand.
Section 105 of the Constitution of Alabama of 1901 provides in pertinent part:
No special, private, or local law, shall be enacted in any case which is provided for by a general law ... nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.
§ 15-13-22, provides for the qualifications to appear as a surety on an undertaking of bail in this State as follows:
(a) Each person signing as surety an undertaking of bail must be:
(1) A resident of this state; and
(2) Worth, exclusive of property exempt from execution, the amount expressed in the undertaking;
but the court or magistrate, in taking bail, may allow more than two persons to justify severally as bail in amounts less than that expressed in the undertaking, provided the whole is equivalent to two sufficient bails.
(b) The court or magistrate in taking bail, in lieu of the foregoing, may allow a corporation, foreign or domestic, qualified to do a bonding business in this state and authorized to execute the undertaking of bail to execute such bail.
(c) Every person engaged in the business of making bail bonds and charging therefor, except corporations qualified to do a bonding business in this state, shall be required, in addition to all other requirements of this section, to furnish a bond with corporate surety in the amount of $25,000.00 ($10,000.00 in Cullman county), to be approved by the probate judge of each county in which such person engages in such business, conditioned to guarantee the payment of all sums of money that may become due the state or any political subdivision thereof by virtue of any judgment absolute being rendered against such person on a forfeiture of bail.
(d) Only one such bond set forth in subsection (c) of this section shall be required in each county where such person does business, and the liability of the surety company executing a bond under this section shall not exceed the face amount of such surety bond; provided, however, that the bond may be cancelled as to any future liability at any time by the surety's giving 30 days' written notice of such cancellation to the probate judge of the county in which the bond is filed.
(e) When there is a reasonable doubt as to the sufficiency of the bail, they may be required by the court or magistrate to answer fully on oath as to their qualifications.
No purpose would be served by setting out at length the provisions of Act No. 98. As noted, Act No. 98 applies only to the Fifteenth Judicial Circuit and is an extensively detailed provision relating to qualifications to act as surety on a bail bond. It is only necessary to point out a few of the pertinent sections of Act No. 98 and to show how they directly conflict with the existing general law in this area. § 15-13-22.
Article 1, § 2, of the challenged Act, styled "Qualifications for Property Bail for the Fifteenth Judicial Circuit," covers the same subject matter as Code 1975, § 15-13-22. In comparison, however, the challenged *6 Act contains a material variation in that the person who seeks to be a surety on a bail bond must set forth specific information in the form of an affidavit, which is attached to and made a part of the Act, and is presented with the application for bail bond. Additionally, under Article 1, § 3, of the challenged Act, styled "Qualifications for Bail Bond Company in the Fifteenth Judicial Circuit," and Article 1, § 4, of Act No. 98, styled "Transfer or Merger, When Allowed," attempts are made to establish substantially different and additional qualifications for a bail bondsman doing business within the Fifteenth Judicial Circuit as compared to those requirements of bondsmen doing business in other counties of the State. Furthermore, bail bondsmen doing business in the Fifteenth Judicial Circuit are subject to the authority of a Surety Commission under Article 2 of the challenged Act, while no other bail bondsmen in the State are subject to such a Commission.
In view of the existence of Code 1975, § 15-13-22, it is beyond doubt that the challenged Act, which only applies to the Fifteenth Judicial Circuit, is a local Act dealing with a subject matter already provided for by general law. This is in clear violation of § 105; therefore, we reverse and remand.
REVERSED AND REMANDED.
All the Justices concur except TORBERT, C. J., who concurs specially, and MADDOX, J., not sitting.
TORBERT, Chief Justice (concurring specially):
I agree to reverse and remand; however, I see no need to consider whether the Act violates § 105 of the Constitution since, as contended by appellants, the Act was passed in the House of Representatives in violation of § 76 of the Constitution.
Article IV, § 76 of the Constitution provides in pertinent part: "When the legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the governor calling such session, except by a vote of two-thirds of each house." The subject of the Act was not designated in the governor's proclamation calling the special session in which this Act was passed; therefore, the Act must have been passed by "a vote of two-thirds of each house." The Act was validly passed in the Senate by a vote of twenty-five to none. However, in the House of Representatives, the vote was eleven in favor of the Act and none against. Therefore, ninety-four members of the House either abstained from voting or were absent.
The issue as to the constitutional validity of the action by the House of Representatives turns upon whether the vote of eleven to none constitutes two-thirds of that house.
Section 52 of the Constitution provides that a majority of each house shall constitute a quorum to do business. In this section the word "House," as thus employed, means the entire membership of each body, i. e., the maximum number of members of each body of which a majority shall constitute the House for the transaction of business. State ex rel. Meyer v. Green, 154 Ala. 249, 46 So. 268 (1908). The membership of the House of Representatives being 105, a quorum would then be not less than fifty-three, the minimum number necessary to transact business.
In interpreting the provisions of § 76, this Court has heretofore considered the meaning and effect of its provision requiring action by a "vote of two-thirds of each house." The word "House" in § 76 means a quorum as defined by § 52. Farmers' Union Warehouse Co. v. McIntosh, 1 Ala.App. 407, 56 So. 102 (1911); Opinion of the Justices, 228 Ala. 140, 152 So. 901 (1934); State ex rel. Meyer v. Greene, supra.
The Journal of the House of Representatives for the 5th legislative day (House Journal, Second Special Session 1978, p. 444) shows that the presence of a quorum was ascertained when final action was taken. However, the number of members present which constituted that quorum was not noted in the Journal. Assuming that there was only the minimum number necessary to constitute a quorum (53), the eleven votes *7 on this bill is not the requisite two-thirds vote necessary to validly enact this legislation.