To the Members of the Senate
State House
Montgomery, Alabama
Dear Senators:
We have received your request for an advisory opinion regarding your resolution exempting S.B. 245 from the “Budget Isolation Amendment.” Your two inquiries were as follows:
“1. Is a 12 to 0 vote in favor of said budget isolation resolution with a declaration by the presiding officer that a quorum was present sufficient to comply with the requirements of paragraph C of Constitutional Amendment 448 and therefore sufficient to permit S.B. 245 to proceed to final passage and to except *366 said bill from the provisions of paragraph C of Constitutional Amendment 448?
“2. Is a minimum of 18 Senators voting required to comply with the requirements of paragraph C of Constitutional Amendment 448 and therefore sufficient to permit S.B. 245 to proceed to final passage and to except said bill from the provisions of paragraph C of Constitutional Amendment 448?
Initially, we note that Amendment 448(C) provides the method for exempting a bill from the Budget Isolation Amendment. It reads in pertinent part:
“[Provided, ... that following adoption, by vote of either house of not less than three-fifths of a quorum present, of a resolution declaring that the provisions of this paragraph (C) shall not be applicable in that house to a particular bill, which shall be specified in said resolution by number and title, the bill so specified may proceed to final passage therein.”
Amendment 448(C), Constitution of Alabama (1901).
It would appear from a reading of the amendment itself that an answer to your second question is readily available. “Section 52 of the Constitution provides that a majority of each house shall constitute a quorum to do business.” ABC Bonding Co. v. Montgomery County Surety Com’n, 372 So.2d 4, 6 (Ala.1979) (Torbert, C.J., concurring specially). Thus, in the Senate, which has 35 members, the presence of 18 members would be required to constitute a quorum. The only requirement of Amendment 448(C) is that % of a quorum present vote in favor of passing the resolution. Therefore, if a quorum of only 18 members were present, % of 18, or 12, Senators would have to vote affirmatively for the resolution. The answer to your second inquiry is “no.”
Now we will consider your first inquiry, which is more difficult because it involves how a member is determined to be “present” for the purpose of a vote.
“[E]ach house has the power to adopt some uniform method within proper limits of determining the question of whether a member present, as shown by the journal, but not voting, should be counted to determine the presence of a quorum. United States v. Ballin, 144 U.S. 1, 12 S.Ct. 507, 509, 36 L.Ed. 321.”
Opinion of the Justices No. 30, 228 Ala. 140, 143-44, 152 So. 901 (1934). The Senate has adopted such a rule:
“If those who vote are sufficient in number to show that a majority constituting a quorum so acted, those who thus voted only shall be counted as constituting the house for the purpose of that vote; but when any question is put and a quorum is not recorded as voting, the Chair shall, before announcing the vote, on his or her own motion or on suggestion of any Senator, instruct the Secretary to record as present a sufficient number of those Senators physically present to constitute a quorum, though all present are not participating in the vote.” [1]
Rule 44, Rules of the Senate of the State of Alabama (1988).
In the present case, the journal reflects that the President declared that a “quorum was present but not voting.” Only 12 votes were offered in favor of the resolution, and no one opposed its passage. Your inquiry is whether that 12 to 0 vote was sufficient to meet the requirement of Amendment 448(C). We must decline to answer this question, as there is insufficient information before us. There is no indication in the journal of the exact number constituting the quorum at the time of the vote, and thus there is no way for us to ascertain whether the % voting requirement was met.
Your inquiry indicates that the President stated that between 19 and 22 members were present at the time of the vote. However, because only 12 members voted, we make the following observations: A vote of 12 members would meet the constitutional requirement of “three-fifths of a quorum *367 present” if 18, 19, or 20 members were present. On the other hand, 13 votes would be required if 21 members were present and 14 votes would be required if 22 members were present. Therefore, in the event that either 21 or 22 members were present, a vote of 12 members would fall below the % requirement.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Justices

. Rule 44 can be interpreted as requiring either a statement of an exact number of members present or simply a statement by the President that a quorum is present.